1                                                                          cal_____

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                       SOUTHERN DISTRICT OF CALIFORNIA

8    RPA INTERNATIONAL PTY LTD., d/b/a      )   Civil No.06cv1147 WQH (AJB)
     NUFURN PTY LTD.; NUFURN, INC. and      )
9    DENNIS MICHAEL KRAWCHUK, an            )
     individual,                            )   Report and Recommendation
10                                          )   [Doc. No. 93]
                        Plaintiff,          )
11   v.                                     )
                                            )
12   COMPACT INTERNATIONAL, INC.; LEE       )
     JOHNSON, an individual; PRE SALES, INC;)
13   ERIC SEGAL, an individual; BZ GLOBAL   )
     SDN. BHD.; BZ GLOBAL (H.K.) LIMITED;   )
14   CHEE CHOON CHEAH, an individual; and   )
     KOK CHEONG SOO, an individual,         )
15                                          )
                        Defendants.         )
16   _____)
                                            )
17   KOK CHEONG SOO, an individual; and     )
     CHEE CHOON CHEAH, an individual,       )
18                                          )
                        Counter-Plaintiffs, )
19   v.                                     )
                                            )
20   DENNIS MICHAEL DRAWCHUK, an            )
     individual,                            )
21                                          )
                        Counter-Defendant.  )
22   _____)

23   On September 10, 2007, the Court issued an order granting Plaintiff's August 1, 2007 Motion to Compel

24   and set a deadline of September 25, 2007, by which individual Defendants, Chee Choon Cheah and Lee

25   A. Johnson were to respond to Plaintiff's interrogatories and document requests.[1]  Plaintiffs subse-

26   quently filed on October 1, 2007, a Supplemental Document [Doc. No. 93] stating that Defendants

27   Cheah and Johnson's failure to comply with the deadline of September 25, 2007, set by the Court.  In

28   _____
          [1] Plaintiff's interrogatories and document requests were served on May 18, 2007.

                                            1                                    06CV1147

1  the Supplemental Document, Plaintiffs requested the Court enter default judgment under Fed. R. Civ. P.

2  37(b)(2)(C); 37 (c)(1) and 37(d) against Defendants Cheah and Johnson and also request an award of

3  reasonable attorneys' fees and costs incurred in connection with the August 1, 2007 motion to compel,

4  the reply, and this statement pursuant to Fed. R. Civ. P. 37(a)(4)(A); 37(c)(1) and 37(d).

5      Rule 55(a) of the Federal Rules of Civil Procedure allow entry of default "[w]hen a party against

6  whom a judgment . . . is sought has failed to plead or otherwise defend."  Under Rule 55(b)(2) of the

7  Federal Rules of Civil Procedure, authorizes the Court to enter judgment against a defaulting party.

8  Upon entry of default, the factual allegations of the complaint that establish the defaulting parties'

9  liability are accepted as true, except for those regarding damages. *TeleVideo Systems, Inc. v. Heidental*,

10  826 F.2d 915, 917-18 (9th Cir. 1987). If the amount of damages is not readily ascertainable, the court

11  may conduct a hearing or order production of such documents necessary for such a determination.  Fed.

12  R. Civ. P. 55(b).  The entry of default under Rule 55(a) must precede the entry of a default judgment

13  under Rule 55(b). *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998).

14      A default judgment against fewer than all defendants is appropriate "only upon an express

15  determination that there is no just reason for delay." Fed. R. Civ. P. 54(b). Where a complaint makes

16  claims against several defendants, and one defaults, the court shall enter a default and a formal decree

17  *pro confesso* against such defendant, and proceed with the claims and defenses of the other defendants.

18  The defaulting defendant merely loses his standing in Court.  *See Frow v. De La Vega*, 82 U.S. 552, 554

19  (1872); *accord Nielson v. Chang (In re First T.D. & Inv. Inc.),* 253 F.3d 520, 532 (9th Cir. 2001).

20      Defendants Cheah and Johnson were warned in the September 10, 2007 Order, that failure to

21  comply with that Order would result in this Court recommending to the district judge that Defendant's

22  Cheah and Johnson's Answers be stricken and default judgments be entered.

23  Defendants, Cheah and Johnson's repeated failure to comply with the rules of discovery or court orders

24  enforcing such rules and flagrant disregard of those rules and this Court's orders are evidenced by: 1)

25  Defendants' failure to appear at the Case Management Conference on August 1, 2007; and 2) Defen-

26  dants' failure to comply with this Court's Order of September 10, 2007,  to respond in any way, or

27  participate in the instant case.  These actions on behalf of Defendants' Cheah and Johnson manifest the

28  requisite fault to fully justify this Court's recommendation that case terminating sanctions be imposed.

06CV1147

1  *G-K Properties v. Redevelopment Agency of City of San Jose*, 577 F.2d 645 (9th Cir. 1978); *Sigliano v.*

2  *Mendoza*, 642 F.2d 309 (9th Cir. 1981)(stating that where the drastic sanctions of dismissal or default

3  are imposed for failure to comply with discovery request, the losing party's noncompliance must be due

4  to willfulness, fault or bad faith).

5      As such, pursuant to Fed. R. Civ. P. 55(a), the Court hereby recommends entry of default against

6  defendant's Cheah and Johnson's Answers.  Plaintiffs' request for a default judgment against Defen-

7  dants' Cheah and Johnson is not appropriate at this time as no damages have been established and there

8  are claims proceeding against the remaining Defendants.  Plaintiffs' may submit for the Court's

9  consideration and review, declarations and supporting documentation for attorneys' fees and costs

10  incurred in connection with the August 1, 2007 motion to compel, the reply, and this statement pursuant

11  to Fed. R. Civ. P. 37(a)(4)(A); 37(c)(1) and 37(d).

12      This report and recommendation will be submitted to the United States District Judge assigned to

13  this case, pursuant to the provisions of 28 U.S.C. §636(b)(1).  Written objections must be filed with the

14  court and a copy served on all parties by *November 12, 2007*.  The document should be captioned

15  "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed by

16  *November 26, 2007*.  The parties are advised that failure to file objections within the specified time may

17  waive the right to raise those objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153

18  (9th Cir. 1991).

19      IT IS SO ORDERED.

20

21  DATED:  October 31, 2007

22  _____
    Hon. Anthony J. Battaglia
23  U.S. Magistrate Judge
    United States District Court

24

25

26

27

28