cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RPA INTERNATIONAL PTY LTD., d/b/a NUFURN PTY LTD.; NUFURN, INC. and DENNIS MICHAEL KRAWCHUK, an individual,<br><br>               Plaintiff,<br>v.<br><br>COMPACT INTERNATIONAL, INC.; LEE JOHNSON, an individual; PRE SALES, INC; ERIC SEGAL, an individual; BZ GLOBAL SDN. BHD.; BZ GLOBAL (H.K.) LIMITED; CHEE CHOON CHEAH, an individual; and KOK CHEONG SOO, an individual,<br><br>               Defendants.<br><br>KOK CHEONG SOO, an individual; and CHEE CHOON CHEAH, an individual,<br><br>               Counter-Plaintiffs,<br>v.<br><br>DENNIS MICHAEL DRAWCHUK, an individual,<br><br>               Counter-Defendant. | Civil No.06cv1147 WQH(AJB)<br><br>Order Following Discovery Conference |

     The parties contacted the Court regarding a discovery dispute involving Defendant's failure to provide written responses and additional documents to Plaintiff's First Set of Requests for Production of

Documents and Things, served on Defendant May 18, 2007, and Defendant's responses to Plaintiff's First Set of Interrogatories, served on Plaintiff August 17, 2007. The parties submitted a Joint Statement Regarding Discovery Issues on September 26, 2007, and a telephonic discovery conference was held on September 26, 2007, at 5:00 p.m.

Upon review of the Requests for Production of Documents, Interrogatories and Responses that were submitted by the parties, the Court directs the parties as follows:

1) Defendant must provide written responses under oath to Plaintiff's First Set of Requests for Production of Documents and Things. The Court notes that Defendant previously agreed to provide written responses. Defendant must serve the responses on or before November 19, 2007.

2) Defendant must produce all documents in his possession, custody or control that are responsive to Plaintiff's First Set of Requests for Production of Documents and Things, and provide a Withheld Document Log listing any privileged/confidential documents he is not producing and the reason for withholding. The Court notes that Defendant must not only locate and produce all responsive documents in his possession and custody but also all responsive documents in his control, even if the documents are in the possession of another person, i.e. former attorneys. Also, as a co-owner and Director of Defendant corporations, Defendant must respond and produce all responsive documents in his possession, custody or control that relate to these Defendants as well. The Court also notes that Defendant previously agreed to provide additional documents. Defendant must serve the documents and Withheld Document Log, if necessary, on or before November 19, 2007.

3) Defendant failed to provide his responses to Plaintiff's First Set of Interrogatories under oath and must provide the required oath by November 19, 2007.

4) Defendant's responses to Interrogatory Nos. 1, 2,3,7 and 12 are not responsive or are incomplete. As a co-owner and Director of Defendant corporations, Defendant must fully respond to the best of his knowledge and ability to interrogatories related to Defendant corporations. To the extent he does not know and cannot obtain with reasonable due diligence the requested information, Defendant must so state in his responses. Defendant must serve supplemental responses under oath on or before November 19, 2007.

5) Defendant's response to Interrogatory No. 5 is incomplete. Defendant must supplement his response to confirm the dates on which he "first became aware" of the stated Patent Application and U.S. Patent. The Court notes that Defendant provided a new response in the Joint Statement Regarding Discovery, but such response must be provided to Plaintiff in a formal supplemental interrogatory response. Defendant must serve the supplemental response under oath on or before November 19, 2007.

6) Defendant agrees to supplement response to Interrogatory No. 11 to clarify his response and must serve the supplemental response under oath on or before November 19, 2007.

7) Defendant agrees to supplement responses to Interrogatory Nos. 4, 8, 9, 13 and 14. With respect to No. 9, Defendant's supplemental response must state the date he claims he conceived of the invention, state the date he allegedly reduced the invention to practice and identify all supporting documents and things (and produce such documents). This information is inferred from the interrogatory and essential to the issue of inventorship. Defendant must serve the supplemental responses under oath on or before November 19, 2007.

IT IS SO ORDERED.

DATED: November 1, 2007

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court