1                                                                                        cal_____

2

3

4

5

6

7

8

9
                              UNITED STATES DISTRICT COURT
10
                             SOUTHERN DISTRICT OF CALIFORNIA
11

12   RPA INTERNATIONAL PTY LTD., d/b/a          )    Civil No.06cv1147 WQH(AJB)
     NUFURN PTY LTD.; NUFURN, INC. and          )
13   DENNIS MICHAEL KRAWCHUK, an                 )
     individual,                                 )    Order on Defendant Kok Cheong Soo's
14                                               )    Motion to Compel Production of
                          Plaintiff,             )    Confidential and/or Privileged Documents
15   v.                                          )    Designated 'Attorney's Eyes Only'; and
                                                 )    Defendant Kok Cheong Soo's Ex Parte
16   COMPACT INTERNATIONAL, INC.; LEE            )    Application for Leave to File Under Seal
     JOHNSON, an individual; PRE SALES, INC;     )    His Financial Declaration
17   ERIC SEGAL, an individual; BZ GLOBAL        )
     SDN. BHD.; BZ GLOBAL (H.K.) LIMITED;        )
18   CHEE CHOON CHEAH, an individual; and        )
     KOK CHEONG SOO, an individual,              )
19                                               )
                          Defendants.            )
20   _____         )
                                                 )
21   KOK CHEONG SOO, an individual; and          )
     CHEE CHOON CHEAH, an individual,            )
22                                               )
                          Counter-Plaintiffs,    )
23   v.                                          )
                                                 )
24   DENNIS MICHAEL DRAWCHUK, an                  )
     individual,                                 )
25                                               )
                          Counter-Defendant.     )
26   _____         )

27   / / /

28   / / /

                                          1
                                                                                    06CV1147

The Court having considered Defendant's Motion to Compel Production of Confidential and/or Privileged Documents Designated 'Attorney's Eyes Only' and Plaintiffs' Opposition thereto, and for the reasons set forth herein: Defendant's Motion to Compel is DENIED.  The Court having considered the Ex Parte Application of Defendant Kok Cheong Soo for Leave to File Under Seal his Financial Declaration and good cause appearing therefor:  Defendant's Ex Parte Application is GRANTED.

## Background

Plaintiff Dennis Michael Krawchuk, owner of the corporate plaintiffs, is the apparent owner of U.S. Patent No. 6,969,113, "Folding Chair with Metal Inserts," issued on November 29, 2005. [Compl. ¶¶ 4, 5; Am. Answer, Affirmative Defenses and Counterclaims ¶ 4.]  Plaintiffs' claim Defendant offered folding chairs with inserts for importation and sale in the United States in violation of the subject patent. [Compl. ¶¶ 39, 40; Am. Answer ¶¶ 39, 40.]  Defendant Soo claims he is an inventor of the subject chair and that Plaintiff Krawchuk withheld Defendant Soo's name from the patent application. [Am. Counterclaims, ¶¶ 32, 33.]

During the course of litigation, the parties filed and the Court approved on January 31, 2007, a Stipulated Protective Order, protecting the disclosure of trade sensitive documents and limiting such disclosure to the parties' attorneys.  On July 5, 2007, Defendant Soo filed a motion to represent himself in this matter.  On July 10, 2007, the motion was granted.  As a result, on October 3, 2007,  Defendant Soo filed the present motion to compel production of confidential documents covered by the Protective Order.

## Discussion

**A.  Discovery and Protective Orders**

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R Civ. P. 26(b)(1). A protective order that designates the way in which information related to trade secrets shall be revealed is authorized by Rule 26(c) of the Federal Rules of Civil Procedure upon a showing of good cause to "protect a party or person from . . .  undue burden or expense."  Fed. R. Civ. P. 26(c)(7).  Even though a party is entitled to obtain all discoverable information, the opposing party is protected from the "undue

1  burden and expense" associated with a competitor's misuse of trade secrets.  Fed. R. Civ. P. 26( c);

2  *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1469-1470 (9th Cir.1992).

3       The Protective Order in this matter limits the production of confidential trade information to the

4  attorneys in this case.  The Protective Order provides that its terms and conditions may be modified by

5  agreement of the parties or by the Court "for good cause, or in the interest of justice." [Protective Order

6  ¶¶ 28, 29.]  The parties do not argue the validity of the Protective Order or claim that the sensitive trade

7  secret information is not discoverable.  The issue is whether the Protective Order may be modified to

8  allow Defendant Soo, who is now proceeding without an attorney, personal access to confidential

9  documents.

10 **B.   Good Cause Required to Modify Protective Order**

11      To modify the Protective Order and compel access to the confidential information, Defendant

12 Soo must show good cause by establishing that his need for the information outweighs the risk of injury

13 associated with disclosure of trade secrets to competitors.  *Brown Bag*, 960 F.2d at 1470.  In *Brown Bag*,

14 the court refused to allow the plaintiff's in-house counsel, who was involved in competitive

15 decisionmaking, access to protected documents even though the plaintiff's outside counsel withdrew

16 from the case.  The court found that the protective order which prohibited the plaintiff's in-house

17 counsel from personal access to the defendant's confidential trade secrets but allowed the plaintiff to

18 retain an independent consultant to review the protected trade secrets was proper.  *Brown Bag,* at 1469-

19 1471.

20      Defendant Soo must also show how the Protective Order prejudices his case.  *Brown* Bag, at

21 1472 (moving party "failed to demonstrate how the protective order actually could have or did prejudice

22 its case"); Intel *Corp. v. Via Tech., Inc.,* 198 F.R.D. 525, 528 (N.D. Cal. 2000). "The protective order

23 must actually prejudice presentation of the moving party's case, not merely increase the difficulty of

24 managing the litigation." *Intel*, at 528.  In *Intel,* the plaintiff, moved the court to modify the protective

25 order to allow the plaintiff's in-house counsel access to the confidential information.  The court denied

26 the motion, finding that the in-house counsel's claimed need for the information to advise the plaintiff

27 and manage the litigation was insufficient to grant access to the defendant's confidential information,

28 and

/ / /

that the defendant was a direct competitor and would be competitively disadvantaged by such disclosure. *Intel*, at 528-532.

**C.     Balancing of Risk of Injury, Need and Prejudice**

Here, Plaintiffs have a legitimate fear of irreparable economic disadvantage if Defendant Soo personally obtains access to the confidential documents because Defendant Soo is a direct competitor of Plaintiffs and the confidential information involves directly competing folding chairs.  Such disclosure could lead to product duplication, discovery of customer lists and marketing strategies or otherwise interfere with Plaintiffs' business.

Thus, Defendant Soo must establish that his need for personal access to the information outweighs this potential harm and that the current Protective Order actually prejudices his ability to present his case.   However, Defendant Soo's moving papers do not establish this requisite good cause for modification of the Protective Order.  His motion contains no legal authority or facts supporting his position. Though he alleges that inaccessibility to the information "will be detrimental" to his interests [see Motion to Compel, p. 2, line 3], he fails to articulate any reasons why he personally needs the information, how he will actually be prejudiced in presenting his best case if he does not gain personal access, or how his need for the information outweighs the potential harm to Plaintiffs.  While the information is likely relevant, it is certainly damaging to Plaintiffs' interests to have it fall into Defendant Soo's hands.

Defendant Soo submitted several pages of financial documents under seal, in an attempt to establish he lacks the financial resources to hire an attorney in this matter.[1]  After consideration of the sealed documents, the Court cannot definitively conclude that Defendant Soo lacks the necessary resources to hire an attorney who can review the information subject to the Protective Order.  In any event, financial hardship would only be one factor to consider in the balancing test.  The great potential

---

[1]Defendant Soo's motion does not raise the issue of financial inability to retain outside counsel or other consultants.  In a Discovery Conference preceding this matter, he stated he lacked resources to hire counsel.  He was advised that he would need to establish financial inability as a factor to be considered.  He has, however, merely submitted several financial documents without explaining them or arguing how they prove he is unable to hire someone to review the confidential information.  The submission falls well short of the type of detailed analysis needed to show financial inability.

06CV1147

harm of disclosing Plaintiffs' trade secrets directly to Defendant Soo, a competitor, outweighs Defendant Soo's claimed need for the information.

Since Defendant Soo will require an expert to defend himself against the complaint and prosecute his counterclaims in this matter, the logical relief for Defendant Soo is to have the expert review the information under the terms of the Protective Order.  The expert can agree to be bound by the terms of the Protective Order and thereby gain access to the protected information.  Therefore, the need for discovery would be satisfied while protecting Plaintiffs from the risk of disclosure.

<u>Conclusion</u>

For the reasons set forth herein, Defendant Soo's Motion to Compel Production of Confidential and/or Privileged Documents Designated 'Attorney's Eyes Only" is DENIED.  Defendant Soo's Ex Parte Application for Leave to File Under Seal His Financial Declaration is GRANTED.  When Defendant Soo retains an expert for purposes of this case, who is willing to be bound by the terms of the Protective Order, the expert will be allowed access for purposes of considering the requisite opinions and analysis for this case.

IT IS SO ORDERED.

DATED:  November 16, 2007

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court