# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RPA INTERNATIONAL PTY LTD., d/b/a NUFURN PTY LTD.; NUFURN, INC. and DENNIS MICHAEL KRAWCHUCK, an individual,<br><br>Plaintiffs,<br>vs.<br>COMPACT INTERNATIONAL, INC.; LEE JOHNSON, an individual; PRE SALES, INC.; ERIC SEGAL, an individual; BZ GLOBAL SDN. BHD.; BZ GLOBAL (H.K.) LIMITED; CHEE CHOON CHEAH, an individual; and KOK CHEONG SOO, an individual,<br><br>Defendants. | CASE NO. 06cv1147 WQH (AJB)<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the review of the Report and Recommendation (Doc. # 100) filed on November 2, 2007 by the United States Magistrate Judge Anthony J. Battaglia and the Petition for Attorneys' Fees (Doc. # 106) filed by Plaintiffs RPA International Pty Ltd., Nurfurn, Inc. and Dennis Michael Krawchuck.

## **Background**

On May 26, 2006, RPA International Pty Ltd., d/b/a Nufurn Pty Ltd., Nufurn, Inc. and Dennis Michael Kdawchuck ("Plaintiffs") filed a Complaint for patent infringement under 35 U.S.C. §§ 271 *et seq.* (Doc. #1).

1    On September 13, 2006, Defendants Chee Choon Cheah ("Cheah"), Kok Cheong
2 Soo, Compact International, Inc., Lee Johnson ("Johnson"), PRE Sales, Inc., Eric Segal,
3 BZ Global Sdn. Bhd., and BZ Global HK Limited filed an Answer to the Complaint.  (Doc.
4 # 15).
5    On August 1, 2007, Plaintiffs filed a "Motion to Compel Defendants' Response to
6 Plaintiffs' Written Discovery Requests Pursuant to Fed.R.Civ.P.37" ("Motion to Compel"),
7 which requested an order requiring defendants Cheah and Johnson to respond to Plaintiffs'
8 First Set of Interrogatories and First Set of Document Requests served on May 18, 2007,
9 and awarding reasonable attorneys' fees and costs incurred in connection with bringing the
10 Motion to Compel.  (Doc. # 84).
11   On September 10, 2007, Magistrate Judge Battaglia issued an Order Granting the
12 Motion to Compel.  (Doc. # 89).  The Order provided that Cheah and Johnson "shall
13 completely respond to Plaintiffs' First Set of Interrogatories and produce all documents
14 responsive to Plaintiffs' First Set of Document Requests on or before September 25, 2007,"
15 and that "Cheah and Johnson are warned that failure to comply with this order will result in
16 this Court recommending to the district judge that Defendants' Cheah and Johnson actions
17 manifest the requisite fault justifying Defendants' Cheah and Johnson answer be stricken
18 and default judgment be entered pursuant to Fed. Rules Civ. Proc. Rule 37(d)."  *Id.*
19   On October 1, 2007, Plaintiffs filed a "Statement Regarding Defendants' Failure to
20 Comply with the September 10, 2007 Order Granting Plaintiffs' Motion to Compel
21 Regarding Cheah and Johnson," which "submits that a recommendation should be made to
22 Judge Hayes that [Cheah and Johnson] be held in default under Fed.R.Civ.P. 37(b)(2)(c);
23 37(c)(1) and 37(d)."  (Doc. # 93).  Plaintiffs contend that "[a] default judgment against
24 Cheah and Johnson is appropriate" because "Mr. Cheah and Mr. Johnson are in violation of
25 the Court's September 10, 2007 Order requiring their compliance with Nurfurn's discovery
26 requests."  *Statement,* p. 2.  Plaintiffs assert that default judgment should be entered against
27 Cheah and Johnson pursuant to Rules 37(b)(2)(c), (c)(1) and (d) of the Federal Rules of
28 Civil Procedure.  *Id.* at 3.  Plaintiffs also move for "reasonable attorneys' fees and costs

1 incurred in connection with the August 1, 2007 Motion to Compel, the Reply in Support,
2 and this Statement pursuant to Rule 37(a)(4)(A); 37(c)(1); and 37(d)." *Id.*

3       On November 2, 2007, Magistrate Judge Battaglia issued a Report and
4 Recommendation ("R&R"). The Magistrate Judge determined that "case terminating
5 sanctions" were appropriate in light of "Cheah and Johnson's repeated failure to comply
6 with the rules of discovery or court orders enforcing such rules." *Id.* at 2. The Magistrate
7 Judge determined, however, that default judgment was inappropriate because "no damages
8 have been established and there are claims proceeding against the remaining Defendants,"
9 and recommended that this Court enter default against Cheah and Johnson pursuant to Rule
10 55(a) of the Federal Rules of Civil Procedure. *R&R,* p. 2-3; *see Frow v. De La Vega,* 82
11 U.S. 552, 554 (1872). The Magistrate Judge also stated that "Plaintiffs may submit for the
12 Court's consideration and review, declarations and supporting documentation for attorneys'
13 fees and costs incurred in connection with the August 1, 2007 motion to compel, the reply,
14 and this statement pursuant to Fed. R. Civ. P. 37(a)(4)(A); 37(c)(1) and 37(d)." *Id.*

15       The parties did not file objections to the R&R.

16       On December 14, 2007, Plaintiffs filed a Petition for Attorneys' Fees ("Petition for
17 Fees"). The Petition for Fees seeks attorneys' fees and costs associated with the Motion to
18 Compel, the Reply to the Motion to Compel, the Statement Regarding Defendants' Failure
19 to Comply and the Reply in Support of Report and Recommendation, totaling $6,175.00.
20 *Petition for Fees,* p. 2. Plaintiffs submitted an itemized list of attorney's fees, stating fees
21 of $2,321.25 for the Motion to Compel, $1,392.50 for the Response in Support of Motion
22 to Compel, $1,156.25 for the Statement Regarding Defendants' Failure to Comply, and
23 $1,305.00 for the Reply in Support of Report and Recommendation. *Id.* Plaintiffs also
24 submitted the Declaration of Amanda L. Lowerre, who attests that attorney Amanda L.
25 Lowerre billed 23.65 hours at a rate of $200.00 per hour and attorney Philip T. Petti billed
26 3.4 hours at a rate of $425.00 per hour for the preparation and filing of the above motions.

27       Cheah and Johnson did not file objections to the Petition for Attorneys' Fees.

28

## Standard of Review

The duties of the district court in connection with a Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When the parties object to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court need not review the Report and Recommendation de novo. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

## Applicable Law

Two separate provisions of the Federal Rules of Civil Procedure provide for the entry of default under different circumstances. *See Home Port Rentals v. Ruben,* 957 F.2d 126, 133 (4th Cir. 1992). Pursuant to Rule 37, if a party "fails to obey an order to provide or permit discovery," the court in which the action is pending may "make such orders in regard to the failure as are just," including an order deeming certain facts as established for purposes of the action, refusing to allow the disobedient party to support or oppose designated claims, striking pleadings, dismissing the action, rendering a default judgment against the disobedient party, or holding the disobedient party in contempt. Fed. R. Civ. P. 37(b)(2). Pursuant to Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Local Civil Rule 83.1 also provides for the entry of default: "[f]ailure of . . . any party to comply with these rules, with the Federal Rules of Civil Procedure . . . or with any order of the court may be grounds for imposition by the court of . . . entry of default."

Rule 54(b) provides that the entry of default judgment may be inappropriate in cases involving multiple defendants:

> when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. . . . [A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties.

Fed. R. Civ. P. 54(b). "The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes a default, is simply to enter a default and a formal decree pro confesso against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court." *Frow v. De La Vega,* 82 U.S. 552, 554 (1872); *accord Nielson v. Chang (In re First T.D. & Inv. Inc.),* 253 F.3d 520, 532 (9th Cir. 2001).

A party who prevails on a motion for sanctions under Rule 37 may also be entitled to attorneys' fees. Pursuant to Rule 37(a)(4), if the court issues an "order compelling disclosure or discovery,"

> the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4). Pursuant to Rule 37(b)(2)(E),

> [i]n lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(E).

**Ruling of the Court**

The Court has reviewed the entire record and concludes that the Magistrate Judge correctly determined that the imposition of sanctions against Cheah and Johnson for their failure to comply with the Order Granting the Motion to Compel is appropriate. The Court concludes that the Magistrate Judge correctly determined that default judgment is not appropriate at this stage of the proceedings because there are claims proceeding against remaining Defendant Kok Cheong Soo. *See Frow,* 82 U.S. at 554. Although default judgment is not appropriate at this time, the Court concludes that the Magistrate Judge correctly determined that the entry of default against Cheah and Johnson is an appropriate sanction given Cheah and Johnson's disregard of the Order Granting the Motion to Compel, which contained explicit warning that failure to comply with the Order would result in a recommendation to this Court that "Cheah and Johnson's Answers be stricken and default judgments be entered." *R&R,* p. 2. The Court, however, does not adopt page 3, lines 5-8 of the R&R, which recommends the entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, because Plaintiffs specifically request that the Court enter default judgment pursuant to Rule 37, Plaintiffs do not assert that Cheah and Johnson have "failed to defend or otherwise plead" or otherwise request entry of default judgment pursuant to Rule 55, and the record demonstrates that Rule 55(a) is inapplicable because Cheah and Johnson have filed numerous pleadings with the Court in support of their defense. *See* Answer to the Complaint (Doc. # 15), Motion to Amend/ Correct Answer to Complaint (Doc. # 20), Motion for Sanctions Against Plaintiffs' Counsel (Doc. # 28), Ex Parte Motion to Strike (Doc. # 30), Motion to Seal Document (Doc. # 38), Amended Answer to Complaint and Amended Counterclaim (Doc. # 74). The Court will direct the entry of default against Defendants Cheah and Johnson pursuant to Rule 37(b)(2) and Local Civil Rule 83.1.

In light of the Magistrate Judge's Order Granting the Motion to Compel, the Court concludes that an award of fees incurred in preparing the Motion to Compel, Response in Support of Motion to Compel and preparing for the related hearing is appropriate under

1  Rule 37(a)(4).  The Court concludes that an award of fees incurred in preparing the
2  Statement Regarding Defendants' Failure to Comply and Reply in Support of Report and
3  Recommendation is appropriate under Rule 37(b)(2)(E).
4      IT IS HEREBY ORDERED that the Court adopts the Report and Recommendation
5  (Doc. # 100) in part.  The Court directs entry of Defendant Cheah and Johnson's
6  **DEFAULT** pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure and Local
7  Civil Rule 83.1.
8      IT IS FURTHER ORDERED that Plaintiffs' Petition for Attorneys' Fees (Doc. #
9  106) is **GRANTED.**  Defendants Chee Choon Cheah and Lee Johnson are ordered to pay
10  the sum of $6,175.00 to Plaintiffs within thirty (30) days of this Order.
11  DATED: January 31, 2008

*[signature: William Q. Hayes]*

**WILLIAM Q. HAYES**
United States District Judge