# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RPA International Pty Ltd., d/b/a Nufurn Pty Ltd.; Nufurn, Inc.; and Dennis Michael Krawchuk, an individual,<br><br>    Plaintiffs and Counterclaim Defendants,<br>        vs.<br>Compact International, Inc.; Lee Johnson, an individual; BA Global Sdn. Bhd; BZ Global (H.K.) Limited; Chee Choon Chea, an individual; and Kok Cheong Soo, an individual,<br><br>    Defendants and Counterclaim Plaintiffs. | CASE NO. 06cv1147 WQH (AJB)<br><br>**ORDER** |

HAYES, Judge:

  The Matter before the Court is the Motion for Summary Judgment (Doc. # 112) filed by Defendant Kok Cheong Soo.

## Background

  On May 26, 2006, Plaintiffs initiated this action by filing the Complaint (Doc. # 1). The Complaint alleges claims for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271, *et seq.* On September 13, 2006, Defendants filed an Answer to the Complaint and a Counterclaim (Doc. # 15). Default has since been entered against Defendants Compact International, Inc., Lee Johnson, BA Global Sdn. Bhd, BZ Global (H.K.) Limited and Chee Choon Chea (Docs. # 99, 110).

On July 28, 2008, Defendant Kok Cheong Soo ("Soo") filed the Motion for Summary Judgment. The Motion for Summary Judgment states in full:

> Defendant's Answer, Affirmative Defenses and Counterclaims were filed on September 13, 2006 and subsequently on May 31, 2007 the Amended Answer, Affirmative Defenses and Counterclaims were filed.
>
> Defendant has been hurt by this action of Plaintiffs and respectfully moves this Court for summary judgment on all Counterclaims against Plaintiffs.

*Mot. for Summary Judgment,* p. 1-2.

On September 2, 2008, Plaintiffs filed the Response in Opposition to the Motion for Summary Judgment (Doc. # 113). Plaintiffs oppose the Motion for Summary Judgment on grounds that the Motion "is completely void of support, legal or factual." *Opposition,* p. 4. Plaintiffs contend that "Soo has provided no legal support and no evidentiary support for his motion. Soo further fails to attempt to establish any fact of record supports his claims." *Id.* at 3. Plaintiffs contend that Soo has failed to meet the initial burden of production required by Rule 56 of the Federal Rules of Civil Procedure because "Soo, the movant, submitted no evidence and, thereby, failed to meet his initial burden of production by making *any* showing to the Court." *Id.* at 5 (emphasis in original). Plaintiffs also contend that the Motion for Summary Judgment is lacking because "Soo has not attempted to demonstrate that there are undisputed material facts that could justify a decision in his favor on any of his counterclaims under the controlling law." *Id.* at 5-6.

## **Applicable Law**

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

1    A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. If the moving party satisfies its initial burden, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

In ruling on a motion for summary judgment, the Court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Credibility determinations [and] the weighing of evidence . . . are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

## Ruling of the Court

Other than the vague assertion that "Defendant has been hurt," the Motion for Summary Judgment does not identify any basis in fact or in law, undisputed or otherwise, which would justify granting summary judgment. *Mot. for Summary Judgment,* p. 2. The Court concludes that Soo has failed to satisfy his initial burden of establishing the absence of a genuine issue of material fact as required by Rule 56 of the Federal Rules of Civil Procedure.

IT IS HEREBY ORDERED that the Motion for Summary Judgment (Doc. # 112) is **DENIED.**

DATED: November 3, 2008

**WILLIAM Q. HAYES**
United States District Judge