# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RPA International Pty Ltd., d/b/a Nufurn Pty Ltd.; Nufurn, Inc.; and Dennis Michael Krawchuk, an individual,<br><br>                              Plaintiffs,<br>    vs.<br>Compact International, Inc.; Lee Johnson, an individual; PRE Sales, Inc.; Eric Segal, an individual; BZ Global Sdn. Bhd.; BZ Global (H.K.) Limited; Chee Choon Cheah, an individual; and Kok Cheong Soo, an individual,<br><br>                              Defendants. | CASE NO. 06cv1147 WQH (AJB)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Renewed Motion for Summary Judgment (Doc. # 143).

## Background

On May 26, 2006, Plaintiffs initiated this action by filing the Complaint (Doc. # 1). The Complaint alleges that Plaintiff Dennis Michael Krawchuck owns Plaintiff RPA International Pty Ltd. and Plaintiff Nufurn, Inc. (collectively referred to as "Plaintiffs"). The Complaint alleges that Krawchuck is the owner of U.S. Patent No. 6,969, 113 (the "113 patent"), entitled "Folding Chair with Metal Inserts," which was issued to Krawchuck on November 29, 2005. *Complaint,* ¶ 4. The Complaint alleges that the '113 patent is the source of a resin folding chair invented by Krawchuck (the "Gladiator chair"). The Complaint alleges that Defendant

1  Kok Cheong Soo is a director of Defendant BZ Global Sdn. Bhd, and BZ Global (H.K.)
2  Limited (collectively referred to as the "BZ Defendants"). Count III of the Complaint alleges
3  that the BZ Defendants infringed the '113 patent. Specifically, Count III alleges that the BZ
4  Defendants: (1) "have been, and are, willfully infringing the '113 Patent by knowingly and
5  purposefully importing, using, offering to sell, and/or selling infringing chairs within the
6  United States; by inducing others in the United States to infringe the '113 Patent; and/or by
7  contributing to the infringement by others in the United States of the '113 Patent;" (2)
8  "knowingly and purposefully imported; caused, induced and/or contributed to the importation,
9  use, offer to sell and sale of; used; and/or sold infringing chairs in the United States with the
10 supply of infringing chairs to the Compact Defendants, the PRE Defendants, and others in the
11 United States;" and (3) "have injured Plaintiffs and unless enjoined by the Court, the [BZ]
12 Defendants will continue willfully to infringe, to induce the infringement of, and/or
13 contributorily to infringe the '113 Patent." *Complaint,* ¶¶ 51-53. The Complaint requests the
14 following relief: (1) judgment that '113 patent is infringed by Defendants; (2) a preliminary
15 and permanent injunction enjoining Defendants from infringing, inducing infringement of, or
16 contributorily infringing the '113 patent; (3) an award of Plaintiffs' lost profits and other
17 damages, not less than a reasonable royalty, for Defendants' infringement of the '113 patent;
18 (4) judgment that Plaintiff is entitled to treble damages in accordance with 35 U.S.C. section
19 284; and (5) judgment that Plaintiffs is entitled to attorneys' fees, costs and expenses in
20 accordance with 35 U.S.C. section 285.

21  On May 25, 2007, Defendants PRE Sales, Inc. and Segal were dismissed from the
22 action (Doc. # 72).

23  On May 31, 2007, Defendant Soo filed an Answer, Affirmative Defenses and
24 Counterclaims (the "Counterclaim") (Doc. # 74). Soo alleges the following affirmative
25 defenses to the infringement claim alleged in Count III of the Complaint: (1) Plaintiffs RPA
26 International Pty Ltd. and Nufurn have no standing; (2) the '113 patent is invalid for failure
27 to comply with the requirements of 35 U.S.C. section 101, *et seq.*; (3) the relief sought is
28 barred by the doctrines of unclean hands and patent misuse; (4) Defendants are authorized to

1 use the technology of the '113 patent by at least one equitable owner of that patent; (5)
2 Defendants have not infringed the '113 patent; (6) an award of damages in excess of a
3 reasonable royalty is unavailable because the owner of the '113 patent has not lost profits or
4 suffered other damages; and (7) the '113 patent is unenforceable by reason of the commission
5 of inequitable conduct in the prosecution thereof.

6 The Counterclaim alleges that Soo used to work as a designer at Mah Sing Plastic
7 Industries Sdn. Bhd. of Malaysia ("Mah Sing"). The Counterclaim alleges that, at that time,
8 RPA worked with Mah Sing to develop a plastic chair, the ACE1, that had an appearance
9 generally like a wooden chair. The Counterclaim alleges that Soo left Mah Sing in 2002, and
10 that RPA thereafter approached Soo regarding the development of a mold for a new plastic
11 table design, and a new chair that would be an alternative to the ACE1. The Counterclaim
12 alleges that Soo indicated to RPA that he thought he could come up with a design that used a
13 different type of plastic than used in the ACE1, and that the parties reached an agreement
14 whereby Soo would receive five percent of the sales price of the new chair designs and an
15 additional ten percent of the sale price of the chairs if Soo was the source of the sales. The
16 Counterclaim alleges that Soo developed a new chair design that resulted in the Gladiator
17 chair, and that RPA sought his assistance in preparing original and supplemental patent
18 applications. The Counterclaim alleges that RPA "repeatedly emphasized the mutual benefit
19 of Mr. Soo designing the [Gladiator] chair and assisting RPA in obtaining patent protection
20 on the [Gladiator] chair." *Counterclaim,* ¶ 23. The Counterclaim alleges that "[t]hroughout
21 the process of seeking to obtain patent protection on the [Gladiator chair] design, [] Mr. Soo
22 assisted in those efforts with the understanding that, as the actual inventor and designer of the
23 [Gladiator] chair, he would be listed as inventor." *Id.,* ¶ 24. The Counterclaim alleges that
24 RPA did not list Soo as an inventor on any of the three patent applications filed regarding the
25 Gladiator chair; that RPA failed to disclose that Soo would not be listed as an inventor; and
26 that Krawchuck listed himself as the sole inventor of the Gladiator chair, even though he was
27 not the inventor. The Counterclaim alleges that RPA failed to make payments to Soo in
28 connection with the Gladiator chair pursuant to the parties' agreement.

The Counterclaim alleges the following claims for relief: (1) correction of inventorship, which seeks a declaration that Soo and/or Cheah are the inventors of the '113 patent pursuant to 35 U.S.C. section 256; (2) declaration and transfer of ownership, which seeks a declaration that Soo and/or Cheah are the owners of the '113 patent; (3) declaration that the '113 patent is invalid pursuant to 35 U.S.C. section 101, *et seq.,* on grounds that the omission of Soo and Cheah as inventors was done with deceptive intent; (4) declaration of unenforceability, on grounds that Krawchuck deceived the Patent and Trademark Office by omitting to reference Soo and Cheah's roles as inventors; (5) infringement of the '113 patent on grounds that RPA and Krawchuck have unlawfully offered for sale, sold, manufactured and used the '113 patent; (6) breach of contract on grounds that RPA failed to pay Soo five percent of the price of tables and chairs purchased by RPA and an additional ten percent of the price of sales if Soo was the source of the sales pursuant to the parties' agreement; (7) unjust enrichment on grounds that Soo and/or Cheah conferred a substantial benefit on Krawchuck by creating the Gladiator chair, and that it is unjust for Plaintiffs to retain this benefit without conferring any benefit upon Soo or Cheah; (8) quantum meruit/ misappropriation of ideas/ breach of implied contract on grounds that Plaintiffs misappropriated the ideas of Soo and Cheah, and profited therefrom; (9) federal unfair competition on grounds that Plaintiffs made misrepresentations with respect to the '113 patent which violate the Lanham Act, 15 U.S.C. section 1125; (10) unfair competition/ false advertising in violation of sections 17200 and 17500 of the California Business and Professions Code; and (11) interference with contract and actual and/or prospective economic advantage on grounds that Plaintiffs/Counterclaim Defendants are aware of their business and economic and contractual relationships with Defendants/ Counterclaim Plaintiffs, and "have charged one or more of the Counterclaim Plaintiffs and their customers with infringing the Mr. Krawchuck patent, knowing that such patent is invalid, unenforceable, non-infringed, and in fact rightfully owned by Soo and/or Mr. Cheah as the true inventor." *Id.,* ¶¶ 98-99.

On October 19, 2007, default was entered as to Defendants Compact Intl Inc., BZ Global Sdn Bhd, and BZ Global HK Limited (Doc. # 99). On January 31, 2008, default was entered as to Defendants Johnson and Cheah (Doc. # 110). On January 31, 2008, the Court held that default judgment against Defendants Compact Intl Inc., BZ Global Sdn Bhd, BZ Global HK Limited, Johnson and Cheah was not proper "at this stage of the proceedings because there are claims proceeding against Defendant Kok Cheong Soo." *Id.* at 6.

On July 28, 2008, Soo, the only remaining and active Defendant in this case, filed a motion for summary judgment (Doc. # 112). The motion for summary judgment stated in full:

> Defendant's Answer, Affirmative Defenses and Counterclaims were filed on September 13, 2006 and subsequently on May 31, 2007 the Amended Answer, Affirmative Defenses and Counterclaims were filed.
>
> Defendant has been hurt by this action of Plaintiffs and respectfully moves this Court for summary judgment on all Counterclaims against Plaintiffs.

*Soo's Nov. 3 Mot. for Summary Judgment,* p. 1-2. On November 3, 2008, the Court issued an order denying the motion for summary judgment (Doc. # 118). The Court found that, other than the vague assertion that "Defendant has been hurt," the motion for summary judgment did not identify any basis in fact or in law, undisputed or otherwise, which would justify granting summary judgment. *Mot. for Summary Judgment,* p. 2. The Court concluded that Soo has failed to satisfy his initial burden of establishing the absence of a genuine issue of material fact as required by Rule 56 of the Federal Rules of Civil Procedure.

On April 27, 2009, Plaintiffs filed the Renewed Motion for Summary Judgment, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. Plaintiffs contend that "[t]here are no material issues of disputed fact concerning Soo and the BZ companies' infringement of the '113 patent" such that Plaintiffs are entitled to summary judgment against Soo on Count III of the Complaint. *Mot. for Summary Judgment,* p. 8. Plaintiffs contend that Soo's affirmative defenses to Count III in the Complaint are without merit. Plaintiffs contend that Soo cannot satisfy one or more of the necessary elements with respect to his counterclaims, and requests that the Court dismiss all of Soo's counterclaims alleged in the Counterclaim. In the alternative, Plaintiffs request that judgment be entered in favor of Nufurn on all matters pursuant to Rule 37 of the Federal Rules of Civil Procedure. On May 18, 2009, Soo filed the

1 Opposition to the Motion for Summary Judgment (Doc. # 144). On May 26, 2009, Plaintiffs
2 filed the Reply (Doc. # 147).

### **Standard of Review**

4 Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil
5 Procedure where the moving party demonstrates the absence of a genuine issue of material fact
6 and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex*
7 *Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing
8 substantive law, it could affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*,
9 477 U.S. 242, 248 (1986). A dispute over a material fact is genuine if "the evidence is such
10 that a reasonable jury could return a verdict for the nonmoving party." *Id.*

11 A party seeking summary judgment always bears the initial burden of establishing the
12 absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. If the moving party
13 satisfies its initial burden, the nonmoving party must "go beyond the pleadings and by her own
14 affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate
15 specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ.
16 P. 56(e)).

17 In ruling on a motion for summary judgment, the Court must view all inferences drawn
18 from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita*
19 *Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Credibility
20 determinations [and] the weighing of evidence . . . are jury functions, not those of a judge,
21 [when] he is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

### **Analysis**

23 Plaintiffs contend that they are entitled to summary judgment against Soo on Count III
24 of the Complaint because Soo's infringement of the '113 patent was "unquestionably willful."
25 *Mot. for Summary Judgment,* p. 8. Plaintiffs contend that the evidence submitted by Plaintiffs
26 demonstrates that Soo intentionally disregarded Plaintiffs' patent rights. Plaintiffs contends
27 that Soo has not produced any evidence to show that he took reasonable steps to check
28 Plaintiffs' patent rights, to obtain competent advice from U.S. counsel, or to otherwise

1  establish a good faith basis for believing that his knock-off chairs were free of Plaintiffs' patent
2  rights. Plaintiffs contend that Soo has failed to submit any evidence to support his affirmative
3  defenses to Plaintiffs' claim that he willfully infringed the '113 patent. Plaintiffs request
4  summary judgment on Count III of the Complaint that Soo's accused chairs infringe the '113
5  patent.

6  With respect to Soo's counterclaims alleged in the Counterclaim, Plaintiff contends that
7  the first through fifth counterclaims for correction of inventorship, declaration and transfer of
8  ownership, declaration of patent invalidity, declaration of unenforceability, and infringement
9  rely entirely on Soo's allegation that he is an "inventor" of the '113 patent. *Mot. for Summary*
10 *Judgment,* p. 9. Plaintiffs contend that Soo's testimony that he is an inventor without more is
11 insufficient to survive a motion for summary judgment on the counterclaims, and that Soo has
12 failed to proffer corroborating evidence that he is an inventor. Plaintiffs contend that "Soo's
13 failure to provide *any* evidence sufficient to satisfy his burden of proof on essential elements
14 of his inventorship allegations justifies summary judgment as a matter of law." *Id.* at 12. With
15 respect to the ninth counterclaim for federal unfair competition in violation of the Lanham Act,
16 Plaintiffs contend that the counterclaim is "entirely dependent on Soo's 'inventorship
17 allegations, which Soo cannot support as a matter of law," and that "Soo does not deny that
18 Nufurn was entitled as a matter of federal . . . law to assert the '113 patent in good faith to the
19 public and to customers at risk of purchasing infringing products." *Reply,* p. 5. With respect
20 to the remaining counterclaims, Plaintiffs contend that "Soo cannot satisfy his burden to
21 establish subject matter jurisdiction" for each of these counterclaims. *Mot. for Summary*
22 *Judgment,* p. 20. Specifically, Plaintiffs contend that the Court should decline to exercise
23 supplemental jurisdiction over the remaining counterclaims because they arise under state law,
24 and "are totally unrelated to the '113 patent and the patent infringement claims alleged herein."
25 *Id.* Plaintiffs contend that the Counterclaim on its face does not allege an amount in
26 controversy in excess of $75,000.00 so as to create diversity jurisdiction. *Id.* Plaintiffs request
27 that the Court dismiss counterclaims one through eleven.

28

In support of the Motion for Summary Judgment, Plaintiffs submitted the declaration of Krawchuck. Krawchuck attests that in about 2001, he learned that the plastic used in the ACE1 chair was cracking, breaking and turning yellow. Krawchuck attests that he conceived the Gladiator chair design, which would resemble the appearance of the ACE1 chair and the industry standard wood chair, but would use a plastic resin that was more durable and colorfast. Krawchuck attests that he discussed the design with Soo in order to obtain his assistance in locating a new plastics manufacturer, to help coordinate the tooling drawings for the new molds, to help acquire sources for parts for the chair, and to assist in the quality control and testing for the new chairs. Krawchuck attests that Soo provided Krawchuck with such assistance. Krawchuck attests that Soo was never given responsibility to engineer or provide inventive contributions to the Gladiator chair, and that Soo did not provide any such contributions. Krawchuck attests that Soo, at all times, was required consult with Krawchuck concerning all developments for the Gladiator chair and was required to obtain Krawchuck's approval for ever significant decision with respect to the design and manufacture of the chair. Krawchuck attests that he eventually terminated Soo's involvement in the Gladiator chair.

Krawchuck attests that in June 2003, he filed an Australian patent application on the Gladiator chair. Krawchuck attests that he asked Soo to review the application from a technical standpoint. Krawchuck attests that as early as mid-January 2004, he conceived of a stacking wedge design for the chairs, which he discussed with Soo. Krawchuck attests that in January 2004, he filed second and third Australian patent applications, incorporating the improvements. Krawchuck attests that he again asked Soo to review these applications. Krawchuck attests that Soo was fully informed that Krawchuck was filing the patent applications; that Soo at no time said or implied that he believed himself to be an inventor; and that Soo did not make any inquiries about the patent applications after they were filed. Krawchuck attests that on June 1, 2004, he filed a United States patent application on the Gladiator chair, which matured into the patent in suit in this case, the '113 patent. Krawchuck attests that, out of an abundance of caution, he requested that Soo and Cheah assign to Nufurn all copyrights relevant to the Gladiator chair. Krawchuck attests that Soo and Cheah initially

agreed, but refused to assign the copyrights when presented with the assignment agreement. Krawchuck attests that he also discussed his patent applications throughout the discussions concerning the copyright dispute, and that Soo never suggested that he made any contribution to the Gladiator chair or that he should be considered a joint inventor of the patent applications.

Krawchuck attests that when Nufurn introduced the patented Gladiator chair, it was a commercial success, and that sales of the chair exceeded $2.3 million from February 2005 through September 2008. Krawchuck attests that Soo and Cheah formed the BZ Defendants to make knock-offs of the Gladiator chair. Krawchuck attests that in February 2006, he found virtually identical copies of the Gladiator chair imported into the United States by Soo and Cheah at a major industry trade show. Krawchuck attests that "[t]here is no question that Soo and Cheah knowingly and willfully infringed my '113 patent," and that "they continued to import and sell their knock offs of my patented chairs into the U.S. after Nufurn sent Soo's United States customers cease and desist letters." *Krawchuck Decl.,* ¶ 30.

Soo opposes the Motion for Summary Judgment on grounds that the "pleadings, the discovery, disclosure materials and affidavits set out specific facts showing a genuine issue for trial." *Opposition,* p. 4. Soo asserts that "due to lack of prosecution of the Complaint and impending possibility of case being dismissed for almost 6 months have passed since last discovery, Defendant Soo filed Motion for Summary Judgment against Plaintiffs on July 28, 2008." *Id.* at 2. Soo asserts that "Plaintiffs' meritless and wrongful accusations show disrespect to the U.S. court system in general and to this Court in particular and the Court would be justified in imposing sanctions on Plaintiffs." *Id.* Soo contends that "[s]ince filing of the Complaint on May 26, 2006, numerous pleadings have been filed with the Court in support of the defense," including the:

> Answer, Affirmative Defenses and Counterclaims to the Complaint (Doc. # 15), Motion to Amend/ Correct Answer to Complaint (Doc. # 20), Motion for Sanctions Against Plaintiffs' Counsel (Doc. # 28), Ex Parte Motion to Strike (Doc. # 30), Motion to Seal Document (Doc. # 38), Amended Answer to Complaint and Amended Counterclaims (Doc. # 74), Joint Statement regarding Discovery Issues (Doc. # 91), Motion to Compel (Doc. # 95), Defendant Soo's Ex Parte Application for Leave to File Under Seal His Financial Declaration, Motion for Summary Judgment against Plaintiffs (Doc. # 112), Opposition to Plaintiffs' Motion for permission to seal the Motion for Summary Judgment and supporting documents (Doc. # 128)).

*Id.* at 3-4. Soo further contends that "[t]he discovery and disclosure materials provided to Plaintiffs" include:

> Initial Disclosure under Fed. R. Civ. P. 26(a)(1) on January 23, 2007; Preliminary Invalidity Contentions on April 13, 2007; Preliminary Claim Construction on May 7, 2007; Soo's Reply to Nufurn's First Set of Interrogatories & accompanying Document Production on August 17, 2007; Soo's Supplemental Respond to Interrogatory No. 9 & accompanying Document Production on October 4, 2007; Soo's Supplemental Respond to Nufurn's First Set of Interrogatories & accompanying Document Production on October 10, 2007; Soo's Supplemental Discovery Replies in compliance to the Court's Order (Doc. # 109); Interrogatories Reply & Document Production on January 15, 2008; Soo's Additional Documents and Electronically Stored Information to Support His Counterclaims on January 17, 2008; Soo's Supplemental Initial Disclosures in compliance to the Court's Order (Doc. # 109) on January 30, 2008.

*Id.* at 4. In support of his Opposition, Soo attached copies of correspondence with Plaintiffs' counsel regarding the cancellation of the final pretrial conference in this case. *Id.,* Exhibit 1. Soo also attached a document entitled "evidentiary documents produced to Plaintiff," which lists 149 exhibits apparently produced to Plaintiff, but does not attach the actual exhibits or provide any description of the content of the exhibits. *Id.,* Exhibit 2. Based on the foregoing, Soo asserts that summary judgment is not proper, and that "[t]he case should proceed to trial soonest so the truth regarding inventorship can prevail." *Id.* at 4.

      A.    <u>Summary Judgment that Soo Willfully Infringed the '113 Patent</u>

35 U.S.C. section 271 provides that a person or entity who, "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). "[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC,* 497 F.2d 1360, 1371 (Fed. Cir. 2007). "The state of mind of the accused infringer is not relevant to this objective inquiry. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *Id.*

Through the declaration of Krawchuck, Plaintiffs have demonstrated that Soo was intricately aware of the design of the Gladiator chair; that Soo was aware that the Gladiator chair was the source of the '113 patent; and that Krawchuck had, in fact, obtained patent protection for the Gladiator chair. Plaintiffs have demonstrated that, despite this knowledge, Soo disregarded Plaintiffs' patent rights and imported and sold in the United States counterfeit chairs that Soo knew infringed the '113 patent. The Court finds that Plaintiffs have shown by clear and convincing evidence that Soo willfully infringed the '113 patent. Soo has not submitted any evidence to refute Plaintiffs' showing. Specifically, Soo has not submitted any evidence to demonstrate that he was unaware that the Gladiator chair was the source of the '113 patent; that he did not import and sell chairs within the United States that infringed the '113 patent; or that Soo was unaware that the chairs infringed the '113 patent. Although Soo alleged several affirmative defenses, he has not submitted any evidence in support of his affirmative defenses to Count III of the Complaint that Soo willfully infringed the '113 patent. Soo relies on allegations and denials in his pleadings, and vague references interrogatories and requests for document production in support of the Opposition. However, Soo's reliance on the pleadings and vague references to document production is insufficient to defeat a motion for summary judgment. *See Celotex,* 477 U.S. at 325. Soo has failed to designate specific facts in the record showing that there is a genuine issue for trial, as required to defeat summary judgment. *Id.* Viewing the facts in the light most favorable to Soo, the Court concludes that Soo has failed to demonstrate the existence of a triable issue of material fact with respect to whether Soo infringed the '113 patent. The Court grants summary judgment in favor of Plaintiffs and against Soo with respect to Count III in the Complaint.

  B. <u>Counterclaims</u>

    *i.* Inventorship Counterclaims

A "patent [] receives the presumption that its named inventors are the true and only inventors," and each patent is presumed valid. *Acromed Corp. v. Sofamor Danek Group, Inc.,* 253 F.3d 1371, 1379 (Fed. Cir. 2001). "In order to rebut this presumption, a party challenging patent validity for omission of an inventor must present clear and convincing evidence that the

1  omitted individual actually invented the claimed invention." *Id.* A person claiming to be an
2  omitted joint inventor "must have contributed to the conception of the invention." *Id.* "To
3  prove contribution, the purported inventor must provide corroborating evidence of any asserted
4  contributions to the conception." *Id.* (internal quotations omitted). "An inventor's testimony,
5  standing alone, is insufficient to prove conception - some form of corroboration must be
6  shown." *Price v. Symsek,* 988 F.2d 1187, 1194 (Fed. Cir. 1993).

7        Soo's first through fifth counterclaims for correction of inventorship, declaration and
8  transfer of ownership, declaration of invalidity, declaration of unenforceability, and
9  infringement rely on Soo's assertion that he is an inventor of the '113 patent. Soo carries the
10 burden of proof at trial with respect to his counterclaims such that his burden on summary
11 judgment is to establish the existence of triable issues of material fact with respect to his
12 counterclaims. *Celotex,* 477 U.S. at 323-24. Soo does not dispute that these claims rely on
13 Soo's assertion that he is an inventor of the '113, yet Soo has failed to submit any evidence to
14 demonstrate that he is the inventor of the '113 patent. Viewing the facts in the light most
15 favorable to Soo, the Court concludes that Soo has failed to demonstrate the existence of a
16 triable issue of material fact with respect to whether Soo was an inventor of the '113 patent,
17 which is an essential element Soo's first through fifth counterclaims. The Court grants
18 summary judgment in favor of Plaintiffs and against Soo with respect to Soo's first
19 counterclaim for correction of inventorship, second counterclaim for declaration and transfer
20 of ownership of the '113 patent, third counterclaim for declaration of invalidity, fourth
21 counterclaim for declaration of unenforceability, and fifth counterclaim for infringement of the
22 '113 patent by Plaintiffs.

23                     *ii.*    Federal Unfair Competition Counterclaim

24       With respect to Soo's ninth counterclaim for federal unfair competition, Soo has failed
25 to submit any evidence to demonstrate that Plaintiffs do not own the '113 patent or to
26 demonstrate that Plaintiffs made misrepresentations in the marketplace that amounted to unfair
27 competition with Soo. Soo has therefore failed to demonstrate the existence of a triable issue
28 of material fact with respect to his federal unfair competition counterclaim because Soo has

failed to demonstrate that Plaintiffs misrepresented the rights to the '113 patent. The Court grants summary judgment in favor of Plaintiffs and against Soo with respect to the ninth counterclaim for federal unfair competition.

### iii.  Remaining State Law Counterclaims

Pursuant to 28 U.S.C. section 1367(c), a federal court may decline to exercise supplemental jurisdiction over a pendant state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C.A. § 1367(c); *Executive Software N. Am. v. United States,* 24 F.3d, 1545 1557 (9th Cir. 1994). If the exercise of supplemental jurisdiction does not advance considerations of "judicial economy, fairness and comity," a federal court "should hesitate to exercise jurisdiction over state law claims." *Id.*

The sixth counterclaim for breach of contract, seventh counterclaim for unjust enrichment, eighth counterclaim for quantum meruit/ misappropriation of ideas/ breach of implied contract, tenth counterclaim for state unfair competition/ false advertising, and eleventh counterclaim for intentional interference with contract and actual and/or prospective economic advantage arise under state law. The Court has dismissed all of Soo's counterclaims over which it had original jurisdiction,[1] and entered judgment in favor of Plaintiffs and against Soo with respect to Plaintiffs' infringement claim against Soo in the Complaint such that the only remaining claims are Soo's state law counterclaims. In light of the foregoing, the Court concludes that exercising jurisdiction over Plaintiff's remaining state law claims would not advance considerations of "judicial economy, fairness and comity." *Executive Software,* 24 F.3d at 1557. The Court declines to exercise supplemental jurisdiction over the sixth, seventh, eighth, tenth and eleventh counterclaims.

### **Conclusion**

IT IS HEREBY ORDERED that the Renewed Motion for Summary Judgment (Doc. # 143) is **GRANTED.** The Court directs the Clerk of the Court to enter summary judgment is entered in favor of Plaintiffs and against Kok Cheong Soo on Count III of the Complaint for

---

[1] The Court does not have original jurisdiction over Soo's state law counterclaims on the basis of diversity of citizenship because the Counterclaim does not allege an amount in controversy in excess of $75,000.00. *See* 28 U.S.C. section 1332.

infringement of the '113 patent; and on counterclaims one, two, three, four, five and nine of the Counterclaim filed by Kok Cheong Soo. The Court declines to exercise supplemental jurisdiction over counterclaims six, seven, eight, ten and eleven of the Counterclaim filed by Kok Cheong Soo.

DATED: July 14, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge