**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

RPA INTERNATIONAL PTY LTD, et al.,

Plaintiffs,

vs.

COMPACT INTNL INC, et al.,

Defendants.

CASE NO. 06cv1147 WQH (AJB)

**ORDER**

HAYES, Judge:

The matters before the Court are Plaintiffs' Motion to Revise the Court's Summary Judgment Order and to Enter a Permanent Injunction (Doc. # 151) and Defendant Kok Cheong Soo's Motion for Reconsideration (Doc. # 163).

**BACKGROUND**

On May 26, 2006, Plaintiffs initiated this action by filing the Complaint. (Doc. # 1). The Complaint alleges Plaintiff Dennis Michael Krawchuck owns Plaintiff RPA International Pty Ltd. and Plaintiff Nufurn, Inc. (collectively "Plaintiffs"). The Complaint alleges that Krawchuck is the owner of U.S. Patent No. 6, 969, 113 ("the 113 patent"), entitled "Folding Chair with Metal Inserts," which was issued to Krawchuck on November 29, 2005. *Id.* at ¶ 4. The Complaint alleges that the 113 patent concerns a resin folding chair invented by Krawchuck known as the "Gladiator chair." *Id.* The Complaint alleges Defendant Kok Cheong Soo is a director of Defendant BZ Global Sdn. Bhd, and BZ Global (H.K.) Limited

(the "BZ Defendants"). *Id.* The Complaint alleges that Soo and the BZ Defendants infringed the 113 patent "by knowingly and purposefully importing, using, offering to sell, and/or selling infringing chairs within the United States" and by inducing others to do the same. *Id.* at ¶ 51-52. The Complaint alleges that Plaintiffs have been harmed by this infringement and that they will continue to be harmed unless the Court enters an injunction which bars Soo and the BZ Defendants from further infringement. *Id.* at ¶ 53. The Complaint also seeks damages to compensate Plaintiff for lost profits, as well as treble damages pursuant to 35 U.S.C. § 284, and attorneys' fees and costs. *Id.*

On May 25, 2007, Defendants PRE Sales, Inc. and Segal were dismissed from the action. (Doc. # 72). On May 31, 2007, Defendant Soo filed an Answer, Affirmative Defenses, and Counterclaim. (Doc. # 74). Soo alleges that Plaintiffs RPA and Nufurn lack standing to sue, the patent is invalid, that the patent is being misused, that Plaintiffs are barred from recovery by unclean hands, that Soo is authorized to use the patent, that Defendants have not infringed, that Plaintiffs have not lost profits, and that the patent is unenforceable. *Id.*

The Counterclaim alleges that Soo was an inventor of the patent, and that he reached an agreement with RPA to receive five percent of the sales price of the newly designed chairs, and ten percent if he was the source of the sale. *Id.* at ¶ 23. The Counterclaim alleges that Soo assisted RPA in seeking patent protection for the Gladiator chair with the understanding that he would be listed as an inventor. *Id.* at ¶ 24. The Counterclaim alleges that Soo is "the actual inventor and designer" of the Gladiator chair. *Id.* The Counterclaim alleges that Krawchuck listed himself as the sole inventor of the Gladiator chair, even though he was not, in fact, the inventor. *Id.* The Counterclaim alleges that RPA failed to make payments to Soo pursuant to the parties' agreement. *Id.*

The Counterclaim alleges the following claims for relief: (1) correction of inventorship, which seeks a declaration that Soo and/or Defendant Chee Choon Cheah are the inventors of the 113 patent pursuant to 35 U.S.C. § 256; (2) declaration and transfer of ownership, which seeks a declaration that Soo and/or Cheah are the owners of the 113 patent; (3) declaration that the 113 patent is invalid pursuant to 35 U.S.C. § 101, *et seq.*, on grounds that the omission of

Soo and Cheah as inventors was done with deceptive intent; (4) declaration of unenforceability, on grounds that Krawchuck deceived the Patent and Trademark Office by omitting to reference Soo and Cheah's roles as inventors; (5) infringement of the 113 patent on grounds that RPA and Krawchuck have unlawfully offered for sale, sold, manufactured and used the 113 patent; (6) breach of contract on grounds that RPA failed to pay Soo five percent of the price of tables and chairs purchased by RPA and an additional ten percent of the price of sales if Soo was the source of the sales pursuant to the parties' agreement; (7) unjust enrichment on grounds that Soo and/or Cheah conferred a substantial benefit on Krawchuck by creating the Gladiator chair, and that it is unjust for Plaintiffs to retain this benefit without conferring any benefit upon Soo or Cheah; (8) quantum meruit/ misappropriation of ideas/ breach of implied contract on grounds that Plaintiffs misappropriated the ideas of Soo and Cheah, and profited therefrom; (9) federal unfair competition on grounds that Plaintiffs made misrepresentations with respect to the 113 patent which violate the Lanham Act, 15 U.S.C. section 1125; (10) unfair competition/ false advertising in violation of sections 17200 and 17500 of the California Business and Professions Code; and (11) interference with contract and actual and/or prospective economic advantage on grounds that Plaintiffs/Counterclaim Defendants are aware of their business and economic and contractual relationships with Defendants/ Counterclaim Plaintiffs, and "have charged one or more of the Counterclaim Plaintiffs and their customers with infringing the Mr. Krawchuck patent, knowing that such patent is invalid, unenforceable, non-infringed, and in fact rightfully owned by Soo and/or Mr. Cheah as the true inventor." *Id.*, ¶¶ 98-99.

On October 19, 2007, an order of default was entered as to Defendants Compact Intl Inc., BZ Global Sdn Bhd, and BZ Global HK Limited (Doc. # 99). On January 31, 2008, an order of default was entered as to Defendants Johnson and Cheah (Doc. # 110). On January 31, 2008, the Court held that default judgment against Defendants Compact Intl Inc., BZ Global Sdn Bhd, BZ Global HK Limited, Johnson and Cheah was not proper "at this stage of the proceedings because there are claims proceeding against Defendant Kok Cheong Soo." *Id.* at 6.

On July 28, 2008, Soo, the only remaining and active Defendant in this case, filed a motion for summary judgment (Doc. # 112). The motion for summary judgment stated in full:

> Defendant's Answer, Affirmative Defenses and Counterclaims were filed on September 13, 2006 and subsequently on May 31, 2007 the Amended Answer, Affirmative Defenses and Counterclaims were filed.
>
> Defendant has been hurt by this action of Plaintiffs and respectfully moves this Court for summary judgment on all Counterclaims against Plaintiffs.

*Id*. at 1-2. On November 3, 2008, the Court issued an order denying the motion for summary judgment (Doc. # 118). The Court found that, other than the vague assertion that "Defendant has been hurt," the motion for summary judgment did not identify any basis in fact or in law, undisputed or otherwise, which would justify granting summary judgment. *Id.* at 2. The Court concluded that Soo has failed to satisfy his initial burden of establishing the absence of a genuine issue of material fact as required by Rule 56 of the Federal Rules of Civil Procedure.

On April 27, 2009, Plaintiffs filed the Renewed Motion for Summary Judgment, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. (Doc. # 143). On July 14, 2009, the Court granted Plaintiffs' Motion Renewed Motion for Summary Judgment. (Doc. # 149). The Court held that Soo had willfully infringed on Plaintiffs' patent, and granted summary judgment in favor of Plaintiffs and against Soo on that claim. *Id.* at 11-12. The Court granted summary judgment in favor of Plaintiffs and against Soo on his counterclaims for his first through fifth claims for correction of inventorship, declaration and transfer of ownership, declaration of invalidity, declaration of unenforceability, and infringement. *Id.* at 12. The Court held that "Soo does not dispute that these claims rely on Soo's assertion that he is an inventor of [the Gladiator chair,] yet Soo has failed to submit any evidence that Soo is" in fact the inventor. *Id.* The Court also granted summary judgment in favor of Plaintiffs and against Soo on the ninth claim for unfair competition under federal law. *Id.* As to that claim, the Court held that there was no genuine issue of material fact as to whether Plaintiffs had misrepresented their rights under the 113 patent. *Id.* at 13. The Court declined to exercise supplemental jurisdiction over Soo's state law counterclaims because it had already dismissed his federal claims. *Id.* On July 16, 2009 a judgment was entered on the claims that were adjudicated by the Court's order. (Doc. # 150).

On July 30, 2009, Plaintiffs filed their Motion to Revise the Court's Summary Judgment Order and to Enter a Permanent Injunction. (Doc. # 151). Pursuant to the Local Rules of Civil Procedure, Soo's opposition was due on August 24, 2009. On October 23, 2009, Soo filed an Ex Parte Motion for Extension of Time to File a Response. (Doc. # 154). Soo stated that he is proceeding *pro se* and only learned of the pending Motion to Revise the Court's Summary Judgment Order and to Enter a Permanent Injunction on October 17, 2009, because he did not receive the Notice of Electronic Filing. *Id.* at 2. Soo sought an extension until December 14, 2009 to file his opposition. *Id.* at 3. The Court granted Soo's motion and ordered Plaintiffs to file any reply to Soo's opposition by December 21, 2009. (Doc. # 156). Soo filed a response and numerous exhibits on December 14, 2009. (Docs. 156-163). Plaintiffs filed a reply on December 21, 2009.

On December 18, 2009, Plaintiffs filed an Ex Parte Motion Requesting Permission to file an Amended and Supplemental Motion. (Doc. # 164). On January 8, 2010, the Court denied the motion pursuant to Local Rule of Civil Procedure 15.1, which requires every amended pleading to be "complete in itself without reference to the superseded pleading." (Doc. # 167). The Court ordered Plaintiffs to notify the Court within twenty days whether it wished to withdraw the pending Motion to Revise the Court's Summary Judgment Order and to Enter a Permanent Injunction (Doc. # 151) and file an amended motion which complies with the Local Civil Rules. (Doc. # 167). On January 15, 2010, Plaintiffs filed a notice stating it had decided to rely upon the pending motion and would not be filing an amended motion. (Doc. # 168).

After reviewing Soo's filings, the Court concluded that one of Soo's filings, a Proposed Motion for Relief from Summary Judgment Order (Doc. # 163) should be construed as a Motion for Reconsideration. On January 25, 2010, the Court ordered Plaintiffs to file a response on or before Tuesday, February 9, 2010 and gave Soo until February 23, 2010 to file any reply. (Doc. # 169). Plaintiffs filed a response on February 9, 2010. (Doc. # 170). Soo did not file a reply.

**CONTENTIONS OF THE PARTIES**

Plaintiffs contend that the Court's order granting summary judgment in favor of Plaintiffs (Doc. # 149) does not address remedies. (Doc. # 151-1 at 2). Plaintiffs contend that Federal Rules of Civil Procedure 54(b) and 56(d)(2) allow the Court to issue a partial judgment which does not address damages following a summary judgment order, and then return to the damages issue at a later time. *Id.* at 4. Plaintiffs contend that the Court should revise the July 16, 2009 judgment because a judgment which adjudicates "fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time" before a final judgment is entered. *Id.* at 3 (citing Fed. R. Civ. Pro. 54(b)). Plaintiffs contend that the summary judgment order was otherwise proper, but should be revised to more specifically state that "injunctive and monetary relief remain to be adjudicated." *Id.* at 5.

Plaintiffs contend that the Court should enter a permanent injunction pursuant to 35 U.S.C. § 283 and Federal Rules of Civil Procedure 56(d)(2) and 65(d). *Id.* at 5. Plaintiffs contend that a permanent injunction is proper because Soo's infringement was willful and has resulted in a loss of good will, market position, and revenue. *Id.* at 6. Plaintiffs contend that they will suffer further damage if Soo is not enjoined from further infringement. Plaintiffs contend that reputational damage can constitute irreparable harm. *Id.* Plaintiffs contend that monetary relief would be inadequate because Defendants are located overseas, making it difficult to collect judgment against them. *Id.* Plaintiffs contend that there will be no hardship to Defendants from the injunction, but if an injunction is not entered, there will be hardship to Plaintiffs because Plaintiffs "will be unable to enforce [their patent] rights against the current Defendants as well as any future infringers." *Id.* Plaintiffs contend that a permanent injunction will not harm the public, because the patented invention is available in the marketplace. *Id.* Plaintiffs contend that the injunction should cover Soo, as well as all of the defaulted Defendants— Compact International, BZ Global Sdn Bhd., BZ Global (H.K.) Limited, Cheah, and Johnson. *Id.* at 8. Plaintiffs further request a scheduling order pursuant to Federal Rule of Civil Procedure 16 to address the remaining issues of damages, enhanced

damages, and attorneys' fees as to all Defendants. *Id.* Plaintiffs have attached a proposed permanent injunction to the motion. (Doc. # 151-2, Ex. A).

In his response, Soo contends that the Court should grant him relief from the summary judgment order because he is a pro se litigant and neglected to previously present relevant facts to the Court. (Doc. # 157 at 1). Soo contends that there is a genuine issue of material fact which requires this case to go to trial. *Id.* Soo filed extensive attachments along with his motion (Docs. # 158-163) which he contends prove that he is the inventor of the Gladiator chair, that Dennis Krawchuck is not an inventor of the Gladiator chair, and that RPA falsely told Soo that he would be listed as the inventor on the patent. (Doc. # 157 at 2). Soo contends that Krawchuck and RPA failed to make payments they promised him for his invention and development of the chair design. *Id.* Soo contends that Krawchuck stole his invention and filed fraudulent patent applications, deceiving the U.S. PTO into granting an invalid patent. *Id.* at 3. Soo attached a Proposed Motion for Relief from Summary Judgment Order, which the Court construed as a Motion for Reconsideration. (Doc. # 163, Ex. A; Doc. # 169).

Soo's Motion for Reconsideration restates Soo's contentions from his response brief and includes a declaration by Soo signed under penalty of perjury. (Doc. # 163). Soo states he is the inventor of the chair and that "[n]either RPA nor any employee of RPA, including Dennis Krawchuck, made any inventive contributions to the" Gladiator chair design. *Id.* at 3. Soo states that a confidentiality agreement he entered with RPA, attached as an exhibit, shows that he was the inventor of the chair. *Id.* at 3-4. Soo states that he forwarded the drawings to Krawchuck as email attachments on August 28, 2002, also attached as an exhibit. *Id.* at 4. Soo states the email exchange which ensued establishes that he, and not Krawchuck, is the inventor of the chair. *Id.* Soo states that he later changed and improved the design of the Gladiator chair, making it stronger by reinforcing the back legs with metal. *Id.* at 5. Soo contends Krawchuck was advised by his attorney that the initial stacking feature of the Gladiator chair infringed on a patent held by Mah Sing, U.S. Patent No. 6, 592, 182, and that Soo came up with a way to stack the Gladiator chairs without infringing on the patent. *Id.*

Plaintiffs contend in their reply that the Court should not consider Soo's filings pursuant

to Local Civil Rule 7.1 which requires motions for reconsideration to be filed within 30 days of the ruling at issue. (Doc. # 165 at 2). Plaintiffs contend that Soo has not submitted any evidence that establishes a genuine issue of material fact and that all of the evidence Soo has submitted was already before the Court. *Id.* at 2-3. Plaintiffs contend that Soo's assertions that he is the true inventor of the Gladiator chair are insufficient as a matter of law. *Id.* at 3. Plaintiffs contend that in addition to being untimely, Soo's motion fails to show why he is entitled to relief from the summary judgment order and fails to oppose Plaintiff's motion for a permanent injunction. *Id.* at 3.

After the Court construed Soo's filings as a Motion for Reconsideration and ordered Plaintiffs to respond, Plaintiffs filed a response which contends that even if the Court ignores the tardiness of Soo's motion, it "falls far short of the high standards required to merit reconsideration." (Doc. # 170). Plaintiffs contend that Soo has only submitted evidence which was available to him when he originally filed his opposition to Plaintiffs' Renewed Motion for Summary Judgment, "the vast majority" of which "was submitted in support of Plaintiffs' summary judgment motion" and has already been considered by this Court. *Id.* at 2-3. Plaintiffs contend that Soo has failed to show that any of the evidence is newly discovered or that there has been a change in the applicable law. *Id.* at 3. Furthermore, Plaintiffs contend that Soo has failed to authenticate a number of documents he has submitted and that Soo failed to turn over some of the documents during discovery. *Id.* at 3-4. Specifically, Plaintiffs contend that Exhibits 9, 15, 17, 24, and 25 were not disclosed. *Id.* at 4. Finally, Plaintiffs contend that the evidence Soo has submitted does not support Soo's claim that he invented the chairs. *Id.*

## ANALYSIS

### I. Motion for Reconsideration

#### 1. Applicable Law

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also United Natn'l Ins. Co. v. Spectrum Worldwide, Inc.*,

555 F.3d 772, 780 (9th Cir. 2009). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals , Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (*citing 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890.

"Inventorship is a question of law . . . ." *Acromed Corp. v. Sofamor Danek Group*, 253 F.3d 1371, 1378 (Fed. Cir. 2001). In determining whether the named inventor on a patent is the true inventor, courts must presume that the "named inventors are the true and only inventors." *Id.* at 1379. To overcome this presumption, "a party challenging patent validity for omission of an inventor must present clear and convincing evidence that the omitted individual actually invented the claimed invention." *Id.* (*citing Environ Prods. v. Furon Co.*, 215 F.3d 1261, 1265 (Fed. Cir. 2000).) "The case law is unequivocal that an inventor's testimony respecting the facts surrounding a claim of derivation or priority of invention cannot, standing alone, rise to the level of clear and convincing proof." *Price v. Symsek*, 988 F.2d 1187, 1194 (Fed. Cir. 1993). Inventorship is fundamentally about "conception" of the idea behind the patent, not the execution of the idea. *Acromed Corp.*, 253 F.3d 1371 at 1379. Proving that a purported inventor contributed to the "conception" of the patent requires corroborating evidence "of any asserted contributions to the conception" of the idea. *See Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466, 1473 (Fed. Cir. 1997). "Beyond conception, a purported inventor must show that he made 'a contribution to the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention, and [did] more than merely explain to the real inventors well-known concepts and/or the current state of the art.'" *Acromed Corp.*, 253 F.3d 1379 (*citing Pannu v. Iolab Corp.*, 155 F.3d 1344, 1351, 47 U.S.P.Q.2D (BNA) 1657, 1663 (Fed. Cir. 1998)).

**2. Ruling of the Court**

Even read in light of the Court's duty to "construe pro se pleadings liberally," *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003), Soo has failed to plead any facts which support reconsideration of the Court's prior ruling. While Soo states he "neglected to present and designate facts and evidences to the Court showing that there is a genuine issue for trial," Soo does not suggest that any of the evidence he presented is newly discovered or was otherwise unavailable to him when Plaintiffs originally moved for summary judgment. Soo has not suggested any reason why the facts he now submits could not "reasonably have been raised earlier in the litigation." *See Kona Enters.*, 229 F.3d at 890. Indeed, most of the evidence Soo submitted was before the Court when it decided Plaintiffs' motion for summary judgment. Soo has not alleged the Court committed "clear error" nor has he contended there has been any change in the law which affects this case.

However, even if the Court considers all of Soo's evidence and his arguments, Soo cannot establish that the Court's earlier ruling was incorrect. Soo's evidence and arguments are insufficient to rebut the presumption that Krawchuck, the named inventor on the patent, did not in fact invent the Gladiator chair. Soo has not presented any corroborating evidence that he was involved in the *conception* of the Gladiator chair, rather his evidence tends to establish that he was involved in putting the already-existing design into practice. Soo's only evidence that he was involved in the conception of the chairs is his own testimony, which is legally insufficient to rebut the presumption that Krawchuck, the named inventor, is the true and only inventor of the Gladiator chair.

**II. Plaintiffs' Motion to Revise the Court's Summary Judgment Order and to Enter a Permanent Injunction**

"'Judgment' as used in [the Federal Rules of Civil Procedure] includes a decree and any order from which an appeal lies." Fed. R. Civ. Pro. 54(a). Pursuant to Federal Rule of Civil Procedure 54(b):

> When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities

> of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. Pro. 54(b) (emphasis added). If a court makes "a clerical mistake or a mistake arising from oversight or omission," in a judgment, it may correct the mistake at any time. *See* Fed. R. Civ. Pro. 60(a).

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders. Rule 65(d), the only portion of the rule which applies to permanent injunctions, sets requirements for all orders granting injunctions. Specifically, "[e]very order granting an injunction . . . must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail — and not by referring to the complaint or other document — the act or acts restrained or required." Fed. R. Civ. Pro. 65(d)(1). A statute also governs the issuance of injunctions in patent cases and states that a court "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

The judgment entered July 16, 2009 (Doc. # 150) was entered in error. Plaintiffs did not move for judgment pursuant to Federal Rule of Civil Procedure 54(b) and the court never made a finding that there was no just reason for delay before entering a partial judgment as required by the rule. *See* Docs. # 143, 149. The judgment entered July 16, 2009 is vacated. Plaintiffs made no showing that they are entitled to an injunction pursuant to Federal Rule of Civil Procedure 65 or 35 U.S.C. § 283 at this stage of the proceedings. Plaintiffs' Motion to Revise the Court's Summary Judgment Order and to Enter a Permanent Injunction is denied without prejudice.

**CONCLUSION**

IT IS HEREBY ORDERED THAT:

(1) Defendant Kok Cheong Soo's Motion for Reconsideration (Doc. # 163) is **DENIED**.

(2) The judgment entered July 16, 2009 is **VACATED**.

(3) Plaintiffs' Motion to Revise the Court's Summary Judgment Order and to Enter

a Permanent Injunction (Doc. # 151) is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs' Motion to Revise the Court's Summary Judgment Order is **GRANTED**. The Court **VACATES** the portion of the order at page 13, lines 25-26 which directs the Clerk of the Court to enter judgment. Plaintiff's Motion to Enter a Permanent Injunction is **DENIED WITHOUT PREJUDICE**.

(4) The parties shall file any further motions within 60 days of the date of this order. The Court will set a pretrial conference date thereafter.

DATED: March 10, 2010

**WILLIAM Q. HAYES**
United States District Judge