1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  RPA INTERNATIONAL PTY LTD,                    CASE NO. 06cv1147 WQH (AJB)
    doing business as Nufurn Pty Ltd;
12  NUFURN INC; DENNIS MICHAEL                    **ORDER**
    KRAWCHUK,
13
                                    Plaintiffs,
14           vs.
15  COMPACT INTL INC; LEE JOHNSON,
    an individual; PRE SALES INC; ERIC
16  SEGAL, an individual; BZ GLOBAL
    SDN BHD; BZ GLOBAL HK LIMITED;
17  CHEE CHOON CHEAH, an individual;
    KOK CHEONG SOO, an individual,
18
                                   Defendants.
19  CHEE CHOON CHEAH, an individual;
    KOK CHEONG SOO, an individual;
20  COMPACT INTL INC; LEE JOHNSON,
    an individual; PRE SALES INC; ERIC
21  SEGAL, an individual; BZ GLOBAL
    SDN BHD; BZ GLOBAL HK LIMITED,
22
                               Counter Claimant,
23           vs.
24  RPA INTERNATIONAL PTY LTD,
    doing business as Nufurn Pty Ltd;
25  NUFURN INC; DENNIS MICHAEL
    KRAWCHUK,
26
                             Counter Defendants.
27
    HAYES, Judge:
28
            The matter before the Court is Plaintiffs' Motion Seeking Entry of Money Judgments

1   and a Permanent Injunction or Alternatively Partial Judgment Pursuant to Rule 54(b) Including

2   a Permanent Injunction.  (Doc. # 172).

3                                    **BACKGROUND**

4          On May 26, 2006, Plaintiffs initiated this action by filing the Complaint.  (Doc. # 1).

5   The Complaint alleges Plaintiff Dennis Michael Krawchuck owns Plaintiff RPA International

6   Pty Ltd. and Plaintiff Nufurn, Inc. (collectively "Plaintiffs").   The Complaint alleges that

7   Krawchuck is the owner of U.S. Patent No. 6, 969, 113 ("the 113 patent"), entitled "Folding

8   Chair with Metal Inserts," which was issued to Krawchuck on November 29, 2005.  *Id.* at ¶ 4.

9   The Complaint alleges that the 113 patent concerns a resin folding chair invented by

10  Krawchuck known as the "Gladiator chair."  *Id.*   The Complaint alleges Defendant Kok

11  Cheong Soo is a director of Defendant BZ Global Sdn. Bhd, and Defendant BZ Global (H.K.)

12  Limited (the "BZ Defendants").  *Id.*  The Complaint alleges that Soo and the BZ Defendants

13  infringed the 113 patent "by knowingly and purposefully importing, using, offering to sell,

14  and/or selling infringing chairs within the United States" and by inducing others to do the

15  same.  *Id.* at ¶ 51-52.   The Complaint alleges that Plaintiffs have been harmed by this

16  infringement and that they will continue to be harmed unless the Court enters an injunction

17  which bars Soo and the BZ Defendants from further infringement.  *Id.* at ¶ 53.  The Complaint

18  also seeks damages to compensate Plaintiff for lost profits, as well as treble damages pursuant

19  to 35 U.S.C. § 284, and attorneys' fees and costs.  *Id.*

20         On May 25, 2007, Defendants PRE Sales, Inc. and Segal were dismissed from the

21  action. (Doc. # 72).  On May 31, 2007, Defendant Soo filed an Answer, Affirmative Defenses,

22  and Counterclaim.  (Doc. # 74).   The Answer alleges that Plaintiffs RPA and Nufurn lack

23  standing to sue, that the patent is invalid, that the patent is being misused, that Plaintiffs are

24  barred from recovery by unclean hands, that Soo is authorized to use the patent, that

25  Defendants have not infringed, that Plaintiffs have not lost profits, and that the patent is

26  unenforceable.  *Id.*

27         The Counterclaim alleges that Soo was an inventor of the patent, and that he reached

28  an agreement with RPA to receive five percent of the sales price of the newly designed chairs,

and ten percent if he was the source of the sale. *Id.* at ¶ 23.  The Counterclaim alleges that Soo assisted RPA in seeking patent protection for the Gladiator chair with the understanding that he would be listed as an inventor.  *Id.* at  ¶ 24.  The Counterclaim alleges that Soo is "the actual inventor and designer" of the Gladiator chair.  *Id.*  The Counterclaim alleges that Krawchuck listed himself as the sole inventor of the Gladiator chair, even though he was not, in fact, the inventor.  *Id.*  The Counterclaim alleges that RPA failed to make payments to Soo pursuant to the parties' agreement.  *Id.*

The Counterclaim alleges the following claims for relief: (1) correction of inventorship, which seeks a declaration that Soo and/or Defendant Chee Choon Cheah are the inventors of the 113 patent pursuant to 35 U.S.C. § 256; (2) declaration and transfer of ownership, which seeks a declaration that Soo and/or Cheah are the owners of the 113 patent; (3) declaration that the 113 patent is invalid pursuant to  35 U.S.C. § 101, *et seq.,* on grounds that the omission of Soo and Cheah as inventors was done with deceptive intent; (4) declaration of unenforceability, on grounds that Krawchuck deceived the Patent and Trademark Office by omitting to reference Soo and Cheah's roles as inventors; (5) infringement of the 113 patent on grounds that RPA and Krawchuck have unlawfully offered for sale, sold, manufactured and used the 113 patent; (6) breach of contract on grounds that RPA failed to pay Soo five percent of the price of tables and chairs purchased by RPA and an additional ten percent of the price of sales if Soo was the source of the sales pursuant to the parties' agreement; (7) unjust enrichment on grounds that Soo and/or Cheah conferred a substantial benefit on Krawchuck by creating the Gladiator chair, and that it is unjust for Plaintiffs to retain this benefit without conferring any benefit upon Soo or Cheah; (8) quantum meruit/misappropriation of ideas/ breach of implied contract on grounds that Plaintiffs misappropriated the ideas of Soo and Cheah, and profited therefrom; (9) federal unfair competition on grounds that Plaintiffs made misrepresentations with respect to the 113 patent which violate the Lanham Act, 15 U.S.C. section 1125; (10) unfair competition/ false advertising in violation of sections 17200 and 17500 of the California Business and Professions Code; and (11) interference with contract and actual and/or prospective economic advantage on grounds that Plaintiffs/Counterclaim

Defendants are aware of their business and economic and contractual relationships with Defendants/Counterclaim Plaintiffs, and "have charged one or more of the Counterclaim Plaintiffs and their customers with infringing the Mr. Krawchuck patent, knowing that such patent is invalid, unenforceable, non-infringed, and in fact rightfully owned by Soo and/or Mr. Cheah as the true inventor." *Id.,* ¶¶ 98-99.

On October 19, 2007, an order of default was entered as to Defendants Compact Intl Inc., BZ Global Sdn Bhd, and BZ Global HK Limited. (Doc. # 99). On January 31, 2008, an order of default was entered as to Defendants Johnson and Cheah. (Doc. # 110). On January 31, 2008, the Court held that default judgment against Defendants Compact Intl Inc., BZ Global Sdn Bhd, BZ Global HK Limited, Johnson and Cheah was not proper "at this stage of the proceedings because there are claims proceeding against Defendant Kok Cheong Soo." *Id.* at 6.

On July 28, 2008, Soo, the only remaining and active Defendant in this case, filed a motion for summary judgment. (Doc. # 112). The motion for summary judgment stated in full:

> Defendant's Answer, Affirmative Defenses and Counterclaims were filed on September 13, 2006 and subsequently on May 31, 2007 the Amended Answer, Affirmative Defenses and Counterclaims were filed.

> Defendant has been hurt by this action of Plaintiffs and respectfully moves this Court for summary judgment on all Counterclaims against Plaintiffs.

*Id*. at 1-2. On November 3, 2008, the Court issued an order denying Soo's motion for summary judgment. (Doc. # 118). The Court found that, other than the vague assertion that "Defendant has been hurt," the motion for summary judgment did not identify any basis in fact or in law, undisputed or otherwise, which would justify granting summary judgment. *Id.* at 2. The Court concluded that Soo has failed to satisfy his initial burden of establishing the absence of a genuine issue of material fact as required by Rule 56 of the Federal Rules of Civil Procedure. *Id.*

On April 27, 2009, Plaintiffs filed their Renewed Motion for Summary Judgment, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. (Doc. # 143). On July 14,

2009, the Court granted Plaintiffs' Motion Renewed Motion for Summary Judgment. (Doc. # 149). The Court held that Soo had willfully infringed on Plaintiffs' patent, and granted summary judgment in favor of Plaintiffs and against Soo on that claim. *Id.* at 11-12. The Court granted summary judgment in favor of Plaintiffs and against Soo on his counterclaims for his first through fifth claims for correction of inventorship, declaration and transfer of ownership, declaration of invalidity, declaration of unenforceability, and infringement. *Id.* at 12. The Court held that "Soo does not dispute that these claims rely on Soo's assertion that he is an inventor of [the Gladiator chair,] yet Soo has failed to submit any evidence that Soo is" in fact the inventor. *Id.* The Court also granted summary judgment in favor of Plaintiffs and against Soo on the ninth claim for unfair competition under federal law. *Id.* As to that claim, the Court held that there was no genuine issue of material fact as to whether Plaintiffs had misrepresented their rights under the 113 patent. *Id.* at 13. The Court declined to exercise supplemental jurisdiction over Soo's state law counterclaims because it had already dismissed his federal claims. *Id.* On July 16, 2009 a judgment was entered on the claims that were adjudicated by the Court's order. (Doc. # 150).

On July 30, 2009, Plaintiffs filed their Motion to Revise the Court's Summary Judgment Order and to Enter a Permanent Injunction. (Doc. # 151). Pursuant to the Local Rules of Civil Procedure, Soo's opposition was due on August 24, 2009. On October 23, 2009, Soo filed an Ex Parte Motion for Extension of Time to File a Response. (Doc. # 154). Soo stated that he is proceeding *pro se* and only learned of the pending Motion to Revise the Court's Summary Judgment Order and to Enter a Permanent Injunction on October 17, 2009, because he did not receive the Notice of Electronic Filing. *Id.* at 2. Soo sought an extension until December 14, 2009 to file his opposition. *Id.* at 3. The Court granted Soo's motion and ordered Plaintiffs to file any reply to Soo's opposition by December 21, 2009. (Doc. # 156). Soo filed a response and more than 500 pages of exhibits on December 14, 2009. (Docs. # 156-163). Plaintiffs filed a reply on December 21, 2009. (Doc. # 165).

After reviewing Soo's filings, the Court concluded that one of Soo's filings, a Proposed Motion for Relief from Summary Judgment Order (Doc. # 163) should be construed as a

Motion for Reconsideration of the Court's order granting summary judgment in favor of Plaintiffs and against Soo.  On January 25, 2010, the Court ordered Plaintiffs to file a response on or before Tuesday, February 9, 2010 and gave Soo until February 23, 2010 to file any reply. (Doc. # 169).

On March 10, 2010, the Court issued an order denying Soo's Motion for Reconsideration and granting in part and denying in part Plaintiffs' Motion to Revise the Court's Summary Judgment Order and to Enter a Permanent Injunction.  (Doc. # 170).  The Court vacated the judgment which was entered on July 16, 2009.  *Id.* at 11.  Because the prior judgment was entered in error prior to the termination of the proceedings, the Court held that a permanent injunction was not appropriate at that stage in the proceedings.  *Id.*  The Court ordered the parties to file any further motions within 60 days of the date of the order.  *Id.* at 12.

On April 27, 2010, Plaintiffs filed their Motion Seeking Entry of Money Judgments and a Permanent Injunction or Alternatively Partial Judgment Pursuant to Rule 54(b) Including a Permanent Injunction.  (Doc. # 172).  The submission date for the motion was June 7, 2010. *Id.* at 1.  Pursuant to the Local Rules of Civil Procedure, any opposition was due on May 24, 2010.  To date, no opposition has been filed.  Plaintiffs had initially requested oral argument, but withdrew their request on May 28, 2010 due to the lack of opposition.  (Doc. # 173).

## ANALYSIS

Plaintiffs seek damages against the defaulted Defendants, treble damages against Soo and Soo's companies, attorneys' fees from Soo and Soo's companies, costs, and a permanent injunction against all Defendants .  (Doc. # 171-1 at 7).

## I.      Default Judgment and Damages As to Defaulted Defendants

Plaintiffs contend that default judgment and damages are appropriate as to the defaulted Defendants, Compact Intl Inc., BZ Global Sdn Bhd, BZ Global HK Limited, Johnson and Cheah, because Plaintiffs will be "without other recourse for recovery" if default judgment is not granted.  *Id.* at 16.  Plaintiffs contend that the amount of money requested is reasonable in light of the defaulted Defendants' repeated and willful commercial infringement of Plaintiffs' patent. *Id.* at 17.  Plaintiffs contend that damages for "lost profit on known infringing sales"

are calculable without an evidentiary hearing. *Id.* Plaintiffs contend it is clear from the record that the defaulted Defendants did not default due to excusable neglect because all of the Defendants entered appearances and were warned by the magistrate judge and this Court that failure to comply with discovery orders would result in default. *Id.* at 22. Plaintiffs contend that the defaulted Defendants' willful default has made it impossible to resolve the case on the merits and that Plaintiffs should therefore receive default judgment and damages. *Id.* Plaintiffs contend that damages of $51,205 are proper because Plaintiffs can establish the number of infringing chairs the defaulted Defendants imported as well as the amount of lost profit per chair. *Id.* at 24. Plaintiffs contend Compact Intl, Johnson, and Cheah imported 2,660 infringing shares. *Id.* at 25. Plaintiffs contend they lost $19.25 in profit for each infringing chair. *Id.*

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). "Plaintiff is required to prove all damages sought in the complaint. In addition, '[a] judgment by default shall not be different in kind [or] exceed in amount that prayed for in the [complaint].' In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing. . . . If proximate cause is properly alleged in the complaint, it is admitted upon default. Injury is established and plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *Phillip Morris USA, Inc. v. Castworld Prods.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citations omitted).

On October 17, 2007, the Court entered default against Defendants Compact Intl Inc, BZ Global Sdn Bhd, and BZ Global Limited pursuant to Federal Rule of Civil Procedure 55(a) for failure to defend. (Doc. # 98). On January 31, 2008, the Court entered default against Johnson and Cheah for failure to comply with discovery orders pursuant to Federal Rule of Civil Procedure 37(b)(2)(E) and Local Civil Rule 83.1. (Doc. # 110).

In support of its request for damages, Plaintiffs submitted the Declaration of Dennis M. Krawchuk, who states that prior to Defendants' infringement, Plaintiffs received approximately

$19.25 in profit per chair sold. (Doc. # 172-3 at 2). Krawchuk explains how he arrived at that figure, describing in detail the cost per chair of production and shipping and subtracting these costs from the price Plaintiffs receive per chair. *Id.* at 2-5. Business records attached to Krawchuk's declaration confirm the numbers Krawchuck uses. *See* Doc. # 172-3, Ex. 1-6. Plaintiffs also submitted the declaration of Plaintiffs' Counsel, Merrit Blakeslee, who states that shipment records show that Compact International shipped 532 cartons of infringing chairs which each contain five chairs, for a total of 2,660 chairs. (Doc. # 172-4 at 2). The shipment records which are attached to the declaration confirm those figures. *See* Doc. # 172-4, Ex. 1-5). Plaintiffs have established that damages are appropriate against Compact International in the amount of $51, 205.

## II.    Damages against Soo

### A.    Compensatory Damages

Plaintiffs contend that there are no disputed issues of material fact as to the amount of damages Soo caused in lost profits through his infringing sales. *Id.* at 26. Plaintiffs contend shipment records establish that "Soo and his companies imported and sold 41,500 infringing chairs into the United States from approximately 2005 to July 2009." *Id.* Plaintiffs contend that their estimated profits during this period were approximately $14 per chair. *Id.* Based on these figures, Plaintiff contends it is entitled to $581,000 in damages for lost profits. *Id.*

The Court previously ruled that Soo willfully infringed Plaintiffs' patent, but has not yet addressed damages. The issue before the Court at this stage of the proceedings is whether Plaintiffs are entitled to summary judgment as to monetary damages against Soo.

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. If the moving party satisfies its initial burden, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

In ruling on a motion for summary judgment, the Court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Credibility determinations [and] the weighing of evidence . . . are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

Soo did not file an opposition to the motion for summary judgment as to damages. However, that does not change Plaintiffs' burden. "Regardless of whether . . . [the nonmoving party] responded at all[] to [a] motion for summary judgment," a court may not grant summary judgment unless the moving party "affirmatively showed" that it is entitled to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003).

In support of its motion, Plaintiffs rely on the Krawchuck's declaration and the Blakeslee declaration. Krawchuck states that between 2005 and 2009, the profit per chair fell from $19.26 to an average of approximately $14 per chair. (Doc. # 172-3 at 6). Blakeslee states Soo's companies shipped 8,300 cartons of infringing chairs which each contain 5 chairs for a total of 41,500 chairs. (Doc. # 173-4 at 2). These 8,300 cartons were split up into 17 shipments over a four-year period. *Id.* In addition to the two BZ companies, Blakeslee states Soo was also using a third company, Global Suppliers Enterprise, which Plaintiff asserts is the same entity as BZ Global Sdn Bhd because the companies share an address and both shipped infringing chairs from the same port in Yantian, China, to Empire Distributors in the United States. *Id.* at 4. Shipment records, including commercial invoices and bills of landing, attached to Blakeslee's declaration show each shipment and corroborate Blakeslee's assertions. *See* Doc. # 173-4, Ex. 1-5.

1  Based on this evidence, the Court finds that Plaintiffs have met their burden of

2  establishing that there is no genuine issue of material fact as to whether Plaintiffs are entitled

3  to $581,000 in damages against Soo for the infringing sales he conducted through his

4  companies.

5  **B.    Treble Damages**

6  Plaintiffs contend treble damages are appropriate against Soo pursuant to 35 U.S.C.

7  § 284 because the Court previously held that Soo was aware of the patent on the design of the

8  chairs and willfully infringed upon it. (Doc. # 172-1 at 23).   Plaintiffs contend Soo's assertion

9  of meritless defenses and his repeat infringement of the patent even after this Court had

10  granted summary judgment against him merit treble damages.  *Id.*  Plaintiffs contend Soo's

11  conduct during this litigation, including untimely responses and "meritless and voluminous"

12  submissions, also mitigate in favor of "enhancing damages." *Id.*

13  Pursuant to 35 U.S.C. § 284,

14  Upon finding for the claimant the court shall award the claimant damages
    adequate to compensate for the infringement, but in no event less than a
15  reasonable royalty for the use made of the invention by the infringer, together
    with interest and costs as fixed by the court.
16
    When the damages are not found by a jury, the court shall assess them. In either
17  event the court may increase the damages up to three times the amount found or
    assessed.
18

19  In determining whether to exercise discretion to award increased damages pursuant to 35

20  U.S.C. § 284, courts must weigh factors

21  including whether there was deliberate copying, whether the infringer knew of
    the patent and had a good faith belief that it was invalid, the infringer's behavior
22  as a party to the litigation, the defendant's size and financial condition, and the
    closeness of the willfulness issue.
23

24  *Amsted Indus. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 183 (Fed. Cir. 1994).

25  In this case, Soo conceded he was aware of the patent. *See* Doc. # 163 (Soo's Motion

26  for Reconsideration).  Soo made repeated baseless assertion that he, not Krawchuck, was the

27  true inventor of the chairs in question.  *See* Doc. # 144 (Soo's Opposition to Plaintiff's

28  Renewed Motion for Summary Judgment), Doc. # 149 (Order granting summary judgment),

Doc. # 163 (Soo's Motion for Reconsideration), Doc. # 171 (Order denying Soo's Motion for Reconsideration). The Court previously found that Soo's infringement was willful. After the Court ruled that Soo had willfully infringed upon the patent and rejected Soo's claim of inventorship, Soo continued to ship infringing chairs to the United States. *See* Doc. # 172-1, Ex. B (shipping records for shipment of 532 containers of chairs arriving December 2009).

In light of this evidence, the Court finds that willfulness is not a close question. Although Soo asserted that he believed he was the true inventor of the chairs and that the patent was invalid, the Court finds that the evidence that Soo filed in support of these claims and Soo's continued infringement after losing at summary judgment do not evince a "good faith belief" that the patent was invalid. There is no direct evidence before the Court of Soo's financial condition, however, in light of the extent of Soo's infringement, it appears to the Court that Soo has made a significant profit from his infringement. Although the Court finds that Soo made baseless assertions and filed meritless motions, creating an unnecessary burden on Plaintiffs and on the Court, the Court does not give this factor significant weight because Soo was proceeding pro se.

After weighing the factors outlined in *Amsted Industries*, 24 F.3d at 183, the Court finds that treble damages are appropriate and awards plaintiff increased damages of $1,162,000 for a total damages award of $1,743,000.

## III.    Attorneys' Fees

Plaintiffs contend that "Soo's litigation misconduct, vexatious and unjustified litigation, as well as his blatant willful infringement overwhelmingly justify imposition of attorney's fees against him and his companies." (Doc. # 172-1 at 24). Plaintiffs contend that Soo's filings amount to a "document dump" which forced Plaintiffs to waste time "sifting through" his papers to "discern any hint of merit therein." *Id.* Plaintiffs contend that Soo's continued importation of chairs during the proceedings also supports awarding attorneys' fees. *Id.* Plaintiffs request "that the Court award Plaintiffs reasonable attorneys' fees, the amount to be shown by declaration upon granting of this motion." *Id.*

Pursuant to 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable

1  attorney fees to the prevailing party." In evaluating a motion for attorneys' fees, district courts

2  must first determine whether a case is exceptional and then exercise its discretion in

3  determining whether to award attorneys' fees. *Nilssen v. Osram Sylvania, Inc.*, 528 F.3d 1352,

4  1357 (Fed. Cir. 2008). "In determining whether to award attorney fees, courts must weigh

5  factors such as degree of culpability, closeness of the questions, and litigation behavior." *Id.*

6       This Court previously determined that Soo's infringement, conducted through his two

7  BZ Companies, was willful. *See* Doc. # 149. The Court concludes that the issues in this case

8  were not close and that it was clear that Soo willfully and repeatedly infringed Plaintiffs'

9  patent. As to Soo, therefore, the Court finds that attorney's fees are appropriate. However,

10  Plaintiffs do not present any argument or evidence as to why the BZ Companies should be

11  required to pay attorneys' fees. The Court therefore denies the motion as to the BZ

12  Companies.

13  **IV.   Permanent Injunction**

14       Plaintiffs contend that they are entitled to a permanent injunction against all Defendants

15  pursuant to Federal Rule of Civil Procedure 65 and 35 U.S.C. § 283. (Doc. # 172-1 at 10).

16  Plaintiffs contend Defendants infringing chairs are "inferior to Plaintiffs" genuine chairs. *Id.*

17  at 11. Plaintiffs contend that they have suffered irreparable injury from Defendants'

18  infringement due to "loss of goodwill, market position, and revenue." *Id.* Plaintiffs state that

19  they have no desire to license the patent. *Id.* Plaintiffs contend monetary damages will be

20  insufficient to compensate them because the "bulk of [Defendants'] assets are located abroad"

21  and it is not clear whether Plaintiffs will be able to collect. *Id.* at 12. Plaintiffs contend that

22  a permanent injunction will not cause Defendants any hardship whereas denying a permanent

23  injunction will cause Plaintiffs hardship. *Id.* Plaintiffs contend that the public will not be

24  harmed because the chairs are available in the marketplace and "[a]n injunction will not

25  frustrate any important need for the invention." *Id.*

26       Plaintiffs have attached a proposed injunction to their motion. *See id.*, Ex. A. The

27  proposed injunction permanently enjoins all Defendants from "directly or indirectly infringing

28  on any claim of the '113 patent, until the patent expires, by making, using, offering to sell,

importing, or selling chairs employing the design of the imported chairs found to infringe the claims of the '113 patent . . . ." *Id.*, Ex. A at 1.  The proposed injunction also permanently enjoins all Defendants from "making, using, offering to sell, importing or selling . . . colorable imitations of the infringing chairs."  *Id.*  In addition to enjoining Defendants, the injunction enjoins the "Defendants' officers, agents, servants, employees, attorneys, and persons in active concert or participation" with Defendants who have actual notice of the injunction.  *Id.* at 2.

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders.  Rule 65(d), the only portion of the rule which applies to permanent injunctions, sets requirements for all orders granting injunctions. Specifically, "[e]very order granting an injunction . . . must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail — and not by referring to the complaint or other document — the act or acts restrained or required." Fed. R. Civ. Pro. 65(d)(1).  A statute also governs the issuance of injunctions in patent cases and states that a court "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable."  35 U.S.C. § 283.

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Defendants have repeatedly infringed on Plaintiffs' patents over a nearly five-year period.  Plaintiffs have offered evidence that in addition to losing sales as a result of the infringing chairs, they are also receiving a lower profit-per-chair as a result of the competition from inferior infringing chairs.  *See* Krawchuck Decl., Doc. # 172-3 at 6.  Despite this litigation, Defendants have continued to infringe on Plaintiffs' patent.  The Court finds that Plaintiffs' loss of good will, market position, and revenue constitutes irreparable harm caused by Defendants repeated and willful infringement.

Although monetary damages could compensate for some of this past damage, Plaintiffs

1    are unlikely to be able to recover damages awarded by this Court because Defendants are

2    located overseas or have defaulted in this litigation.  Further, it is difficult to measure and

3    prove monetary damages for lost profits resulting from decreased profit-per-chair or for

4    reputational damage. Where "a calculation of damages is inherently speculative" or difficult

5    to establish, the Federal Circuit has held that an injunction is an appropriate remedy to protect

6    a patent holder from loss.  *See Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d 683, 703-04 (Fed.

7    Cir. 2008).

8           Denying a permanent injunction will result in hardship to Plaintiffs while granting an

9    injunction will not result in hardships to Defendants.  Failure to grant an injunction will make

10   it more difficult for Plaintiffs to prevent further infringement of their patent.  The only harm

11   to Defendants will be the loss of income from selling the infringing chairs, however "[o]ne

12   who elects to build a business on a product found to infringe cannot be heard to complain if

13   an injunction against continuing infringement destroys the business so elected."  *See id.*

14          A permanent injunction will not harm the public interest. Plaintiffs are producing and

15   selling the patented chairs, so the chairs are available to consumers.

16          The Court finds that all four factors weigh in favor of granting the proposed injunction

17   Plaintiffs have submitted.

18          Plaintiffs' proposed injunction is limited to chairs which were previously adjudicated

19   to infringe upon the patent and colorable imitations of the infringing chairs.  The Court finds

20   that the proposed injunction is sufficiently specific to make clear what conduct is enjoined.

21   *See Additive Controls & Measurements Sys. v. Flowdata*, 916 F.2d 476, 480 (Fed. Cir. 1993).

22   In addition to enjoining Defendants, Plaintiffs' proposed injunction also enjoins "Defendants'

23   officers, agents, servants, employees, attorneys, and upon those persons in active concert or

24   participation with them" who have actual notice of the injunction from producing the

25   infringing chairs or colorable imitations of the infringing chairs.  The Court finds that

26   enjoining this limited category of non-parties is appropriate.  *See* Charles Alan Wright, Arthur

27   R. Miller, and Mary Kay Kane, 11A Federal Practice and Procedure § 2956 (2d ed. 1995)

28   ("Nonparties with notice of the order [who aid, abet, assist or act in concert with a person who

1  has been enjoined] can be held in contempt even though they were not named or served" in the

2  lawsuit.); *see also  Microsystems Software, Inc. v. Scandinavia Online AB*, 226 F.3d 35 (1st

3  Cir. 2000).

4         The Court therefore finds that entry of the proposed injunction is appropriate.

5  **V.     Costs**

6         Plaintiffs contend that they are entitled to costs pursuant to 35 U.S.C. § 284.  (Doc. #

7  172-1 at 24).

8         Pursuant to 25 U.S.C. § 284, "upon finding for the claimant the court shall award . . .

9  costs as fixed by the court."  The Court has found in favor of Plaintiffs and against all

10  Defendants.  Plaintiffs are awarded costs.

11                                   **CONCLUSION**

12  IT IS HEREBY ORDERED that:

13         (1)   Plaintiffs' Motion Seeking Entry of Money Judgments and a Permanent

14               Injunction or Alternatively Partial Judgment Pursuant to Rule 54(b) Including

15               a Permanent Injunction (Doc. # 172) is **GRANTED IN PART** and **DENIED**

16               **IN PART**.  The motion is denied as to attorney's fees from BZ Global Sdn Bhd

17               and BZ Global HK Limited and otherwise granted.

18         (2)   Plaintiffs are awarded damages against Compact International in the amount of

19               $51,205 and against Kok Cheong Soo in the amount of $1,743,000.

20         (3)   The Court will enter the proposed injunction attached to Plaintiffs' motion.  No

21               later than **fourteen (14)** days from the date of this Order, Plaintiffs shall email

22               a copy of this proposed injunction to the Court which does not contain the word

23               "proposed" in the caption in WordPerfect or Word format to

24               efile_hayes@casd.uscourts.gov.

25         (4)   No later than **fourteen (14) days** from the date of this Order, Plaintiffs shall

26               email a proposed judgment consistent with this Order in WordPerfect or Word

27               format to efile_hayes@casd.uscourts.gov.

28         (5)   The Court finds that Plaintiffs are entitled to attorneys' fees.  No later than

**twenty-one (21) days** from the date of this Order, Plaintiffs shall file a motion for the specific amount of attorney's fees which it is seeking in this matter.

DATED:  August 11, 2010

**WILLIAM Q. HAYES**
United States District Judge