# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RPA INTERNATIONAL PTY LTD, doing business as Nufurn Pty Ltd; NUFURN INC; DENNIS MICHAEL KRAWCHUK, | CASE NO. 06cv1147 WQH (AJB) **ORDER** |
| Plaintiffs, | |
| vs. | |
| COMPACT INTL INC; LEE JOHNSON, an individual; PRE SALES INC; ERIC SEGAL, an individual; BZ GLOBAL SDN BHD; BZ GLOBAL HK LIMITED; CHEE CHOON CHEAH, an individual; KOK CHEONG SOO, an individual, | |
| Defendants. | |
| CHEE CHOON CHEAH, an individual; KOK CHEONG SOO, an individual; COMPACT INTL INC; LEE JOHNSON, an individual; PRE SALES INC; ERIC SEGAL, an individual; BZ GLOBAL SDN BHD; BZ GLOBAL HK LIMITED, | |
| Counter Claimant, | |
| vs. | |
| RPA INTERNATIONAL PTY LTD, doing business as Nufurn Pty Ltd; NUFURN INC; DENNIS MICHAEL KRAWCHUK, | |
| Counter Defendants. | |

HAYES, Judge:

    The matters before the Court are the Motion for Reconsideration (ECF No. 177) filed

1 by Defendant Kok Cheong Soo ("Soo"), the Motion for Attorney Fees (ECF No. 175) filed by
2 Plaintiffs, and the Motion to Enter Judgment (ECF No. 179).

## BACKGROUND

On May 26, 2006, Plaintiffs initiated this action by filing the Complaint. (ECF No.1). The Complaint alleged that Plaintiff Dennis Michael Krawchuck owns Plaintiff RPA International Pty Ltd. and Plaintiff Nufurn, Inc. (collectively "Plaintiffs"). The Complaint alleged that Krawchuck is the owner of U.S. Patent No. 6, 969, 113 ("the 113 patent"), entitled "Folding Chair with Metal Inserts," which was issued to Krawchuck on November 29, 2005. *Id.* at ¶ 4. The Complaint alleged that the 113 patent concerns a resin folding chair invented by Krawchuck known as the "Gladiator chair." *Id.* The Complaint alleged Defendant Kok Cheong Soo ("Soo") is a director of Defendant BZ Global Sdn. Bhd, and BZ Global (H.K.) Limited (the "BZ Defendants"). *Id.* The Complaint alleged that Soo and the BZ Defendants infringed the 113 patent "by knowingly and purposefully importing, using, offering to sell, and/or selling infringing chairs within the United States" and by inducing others to do the same. *Id.* at ¶ 51-52. The Complaint alleged that Plaintiffs have been harmed by this infringement and that they will continue to be harmed unless the Court enters an injunction which bars Soo and the BZ Defendants from further infringement. *Id.* at ¶ 53. The Complaint also sought damages to compensate Plaintiff for lost profits, as well as treble damages pursuant to 35 U.S.C. § 284, and attorneys' fees and costs. *Id.*

On May 31, 2007, Defendant Soo filed an Answer, Affirmative Defenses, and Counterclaim. (ECF No. 74). Soo alleged that Plaintiffs RPA and Nufurn lack standing to sue, that the patent is invalid, that the patent is being misused, that Plaintiffs are barred from recovery by unclean hands, that Soo is authorized to use the patent, that Defendants have not infringed, that Plaintiffs have not lost profits, and that the patent is unenforceable. *Id.* The Counterclaim alleged that Soo was an inventor of the patent, and that he reached an agreement with RPA to receive five percent of the sales price of the newly designed chairs, and ten percent if he was the source of the sale. *Id.* at ¶ 23. The Counterclaim alleged that Soo assisted RPA in seeking patent protection for the Gladiator chair with the understanding that he would

be listed as an inventor. *Id.* at ¶ 24. The Counterclaim alleged that Soo is "the actual inventor and designer" of the Gladiator chair. *Id.* The Counterclaim alleged that Krawchuck listed himself as the sole inventor of the Gladiator chair, even though he was not, in fact, the inventor. *Id.* The Counterclaim alleged that RPA failed to make payments to Soo pursuant to the parties' agreement. *Id.*

On July 28, 2008, Soo filed a motion for summary judgment (ECF No. 112). On November 3, 2008, the Court issued an order denying the motion for summary judgment (ECF No. 118).

On April 27, 2009, Plaintiffs filed a Motion for Summary Judgment, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. (ECF No. 143). On July 14, 2009, the Court granted Plaintiffs' Motion for Summary Judgment. (ECF No.149). The Court held that Soo had willfully infringed on Plaintiffs' patent, and granted summary judgment in favor of Plaintiffs and against Soo. *Id.* at 11-12. The Court granted summary judgment in favor of Plaintiffs and against Soo on his counterclaims for his claims for correction of inventorship, declaration and transfer of ownership, declaration of invalidity, declaration of unenforceability, and infringement. *Id.* at 12. The Court held that "Soo does not dispute that these claims rely on Soo's assertion that he is an inventor of [the Gladiator chair,] yet Soo has failed to submit any evidence that Soo is" in fact the inventor. *Id.* The Court also granted summary judgment in favor of Plaintiffs and against Soo on his claim for unfair competition under federal law. *Id.* The Court held that there was no genuine issue of material fact as to whether Plaintiffs had misrepresented their rights under the 113 patent. *Id.* at 13. The Court declined to exercise supplemental jurisdiction over Soo's state law counterclaims.

On July 30, 2009, Plaintiffs filed their Motion to Revise the Court's Summary Judgment Order and to Enter a Permanent Injunction. (ECF No. 151). On December 14, 2009, Soo filed a response and numerous exhibits. (ECF Nos. 156-163). On December 14, 2009, Soo also filed a Motion for Reconsideration of the Summary Judgment Order. (ECF No. 163). On March 10, 2010, this Court issued an Order denying the Motion for Reconsideration (ECF No. 171) stating: "Soo's evidence and arguments are insufficient to rebut the presumption that

1 Krawchuck, the named inventor on the patent, did not in fact invent the Gladiator chair. Soo
2 has not presented any corroborating evidence that he was involved in the *conception* of the
3 Gladiator chair, rather his evidence tends to establish that he was involved in putting the
4 already-existing design into practice." (ECF No. 171 at 10).

5 On August 11, 2010, the Court issued an order finding that a permanent injunction
6 should be entered and Plaintiffs are entitled to monetary judgment against Soo in the amount
7 of $581,000 for compensatory damages and $1,162,000 of treble damages, as well as an award
8 of attorney's fees. (ECF No. 174). The Court stated: "Soo conceded he was aware of the
9 patent. Soo made repeated baseless assertion that he, not Krawchuck, was the true inventor of
10 the chairs in question." *Id*. at 10 (citations omitted).

11 On September 1, 2010, Plaintiffs filed a Motion for Attorney's Fees. (ECF No. 175).
12 Plaintiffs also filed a Motion to Enter Judgment. (ECF No. 179). To date, Soo has not filed
13 a response to the Motion for Attorney's Fees or Motion to Enter Judgment.

14 On September 9, 2010, Soo filed a second Motion for Reconsideration of Summary
15 Judgment and Consequently Reconsideration of the Court's Order on August 11, 2010. (ECF
16 No. 177). On September 14, 2010, Plaintiffs filed an Opposition to Soo's Motion for
17 Reconsideration. (ECF No. 178). Soo filed a Reply. (ECF No. 181).

18 **I.     Motion for Reconsideration**

19 Defendant Soo contends that the Court committed clear error in denying his earlier
20 Motion for Reconsideration due to "evidence that Plaintiff Dennis Krawchuk misrepresented
21 himself as the sole inventor of the chair on his patent." (ECF No. 177-1 at 2). Soo contends
22 that "[t]he Court misinterpreted and did not acknowledge, numerous compelling evidences
23 (sic) designating specific facts ...." *Id*. at 4. Soo contends that he entered into a confidentiality
24 agreement with May Plastics of Malaysia not RPA, that Soo improved the design of the chair
25 by changing u-shaped inserts rather than adding metal reinforcement, that email
26 correspondence shows that Krawchuk misrepresented himself as the sole inventor on the
27 patents, that a fax from Krawchuk to the supplier of the ACE1 chair shows that Krawchuck
28 was not aware of problems with the materials used in the chairs as early as he claimed, that

Plaintiff tampered with evidence by making sketches on a fax, and that Plaintiffs submitted two copies of an email that contain dates a few hours apart from each other which may effect Soo's ability to present a proper defense.

Plaintiffs contend that although the title of Soo's Motion refers to the Court's Order of August 11, 2010, which found that monetary judgment and a permanent injunction should be entered against Soo, the Motion for Reconsideration is fatally overdue because it seeks to revisit the grant of summary judgment on July 14, 2009, and the denial of his previous request for reconsideration on March 10, 2010. Plaintiffs further contend that Soo fails to present any newly discovered evidence or evidence that was otherwise unavailable to him and has not explained why the facts could not have been raised earlier in this litigation. Plaintiffs contend that Soo's evidence merely shows that "Soo was doing no more than executing Mr. Krawchuk's prior inventive concepts." (ECF No. 178 at 4).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also United Natn'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (*citing 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890.

"Inventorship is a question of law ...." *Acromed Corp. v. Sofamor Danek Group*, 253 F.3d 1371, 1378 (Fed. Cir. 2001). In determining whether the named inventor on a patent is the true inventor, courts must presume that the "named inventors are the true and only inventors." *Id.* at 1379. To overcome this presumption, "a party challenging patent validity for omission of an inventor must present clear and convincing evidence that the omitted

individual actually invented the claimed invention." *Id.* (*citing Environ Prods. v. Furon Co.*, 215 F.3d 1261, 1265 (Fed. Cir. 2000).) "The case law is unequivocal that an inventor's testimony respecting the facts surrounding a claim of derivation or priority of invention cannot, standing alone, rise to the level of clear and convincing proof." *Price v. Symsek*, 988 F.2d 1187, 1194 (Fed. Cir. 1993). Inventorship is fundamentally about "conception" of the idea behind the patent, not the execution of the idea. *Acromed Corp.*, 253 F.3d 1371 at 1379. Proving that a purported inventor contributed to the "conception" of the patent requires corroborating evidence "of any asserted contributions to the conception" of the idea. *See Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466, 1473 (Fed. Cir. 1997). "Beyond conception, a purported inventor must show that he made 'a contribution to the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention, and [did] more than merely explain to the real inventors well-known concepts and/or the current state of the art.'" *Acromed Corp.*, 253 F.3d 1379 (*citing Pannu v. Iolab Corp.*, 155 F.3d 1344, 1351, 47 U.S.P.Q.2D (BNA) 1657, 1663 (Fed. Cir. 1998)).

Even read in light of the Court's duty to "construe pro se pleadings liberally," *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003), Soo has again failed to assert any facts which support reconsideration of the Court's prior ruling. While Soo states that in his prior Motion for Reconsideration he "did not properly convey his intentions of his defense," Soo does not suggest that any of the evidence he currently presents is newly discovered or was otherwise unavailable to him when Plaintiffs moved for summary judgment or when he initially requested reconsideration of the Court grant of summary judgment. Soo has not suggested any reason why the facts he now submits could not "reasonably have been raised earlier in the litigation." *See Kona Enters.*, 229 F.3d at 890. Indeed, Soo has repeatedly argued that he was an inventor of the patent and has not submitted any evidence which is materially different than what was before the Court when it decided Plaintiffs' motion for summary judgment and Defendant's prior motion for reconsideration. However, even if the Court considers Soo's evidence and arguments, Soo has again failed to establish that the Court's earlier rulings were incorrect. Soo's evidence and arguments are insufficient to rebut

1 the presumption that Krawchuck invented the Gladiator chair.  Soo has again failed to present
2 any corroborating evidence that he was involved in the *conception* of the Gladiator chair other
3 than his own testimony, which is legally insufficient to rebut the presumption that Krawchuck,
4 the named inventor, is the true and only inventor of the Gladiator chair.  The Motion for
5 Reconsideration (ECF No. 177) filed by Defendant Soo is **DENIED**.

## II.     Motion for Attorney's Fees

On August 11, 2010, this Court held that Plaintiffs are entitled to an award of attorney's fees from Defendant Soo pursuant to 35 U.S.C. § 285. (ECF No. 174 at 11-12). Plaintiffs seek an award of attorney's fees in the amount of $321,347.44 for fees incurred in this case "including discovery and proceedings through the grant of summary judgment in Plaintiffs' favor."[1]  (ECF No. 175-1).  Plaintiffs have summarized its lodestar calculation as follows:

| Attorney | Average Rate | Hours | Total |
| --- | --- | --- | --- |
| Petti | $426.67 | 239.09 | $102,011.73 |
| Blakeslee | $306.44 | 235.75 | $72,243.75 |
| Other Partners | $348.33 | 60.95 | $21,230.92 |
| Lowerre | $219.44 | 263.15 | $57,746.81 |
| Little | $195.00 | 196.10 | $38,239.50 |
| Other Associates and Law Clerks | $186.25 | 51.45 | $9,582.56 |
| Paralegals and Other Support | $104.87 | 193.50 | $20,292.69 |
| **TOTAL** | | **1239.99** | **$321,347.44** |

*Id*. at 2. Plaintiffs contend that the request for attorney's fees is reasonable on the grounds that the results obtained were excellent, Defendant's behavior in this over four-year-old case was "egregious," the total amount sought is far below the median for a similar patent case litigated

---

[1] Plaintiffs have not included $6,175.00 of attorney's fees which were awarded to them on January 31, 2008, relating to a discovery motion in the amount of attorney's fees Plaintiffs currently seek.

to final judgment in this region, and the billing rates requested are all below or approximately the median for this region. *Id.* at 2-4.

Plaintiffs have submitted the Declarations of Mark W. Hetzler and Merrit R. Blakeslee, detailed billing memoranda and monthly invoices, and the American Intellectual Property Law Association Report of the Economic Survey for 2009 Appendix A which provides average and median billing rates for intellectual property attorneys. Hetzler states in his Declaration: "In certain instances, discounts [were] given for legal services rendered." The total amount of discounts applied by the firm of Fitch, Even, Tabin and Flannery during the period for which attorney's fees are sought amounts to $64,337.96. (ECF No. 175-2 at 42, 49, 56, 67, 74, 79, 84, 91, 98, 104, 165, 175). Blakeslee states in his Declaration: "In an exercise of billing judgment, I have eliminated ... 19.50 hours of work that I performed for Nufurn ....." (ECF No. 175-3 at 3). The total amount of discounts applied by attorney Blakeslee amounts to $5,100.00. *Id.*

"In the Ninth Circuit, the customary method of determining the permissible amount of attorneys' fees ... is the 'lodestar' method. The lodestar method multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) (quotation omitted). "After making [the lodestar] computation, courts then assess whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of twelve factors." *Id.* (citation omitted). The twelve factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). "[O]nly in rare circumstances should a court adjust the lodestar figure, as this figure is the presumptively accurate measure of reasonable fees." *Id.* (citations omitted).

After reviewing the Motion for Attorney Fees, the Hetzler and Blakeslee Declarations, the attached evidence, and the record in this case, the Court concludes that Plaintiffs have

1 accurately calculated its requested fees according to the lodestar method, and that the requested
2 hourly rates and the requested amount of hours are reasonable. The Court concludes that the
3 presumptively reasonable lodestar figure of $321,347.44 should not be adjusted on the basis
4 of the twelve factors recited above. The Motion for Attorney Fees (ECF No. 175) filed by
5 Plaintiffs is **GRANTED**.

## CONCLUSION

**IT IS HEREBY ORDERED THAT:**

(1) The Motion for Reconsideration (ECF No. 177) filed by Defendant Kok Cheong Soo is **DENIED**.

(2) The Motion for Attorney Fees (ECF No. 175) filed by Plaintiffs is **GRANTED**. Plaintiffs are entitled to an award of $321,347.44 in attorneys' fees.

(3) The Motion to Enter Judgment (ECF No. 179) filed by Plaintiffs is **GRANTED.**

DATED: February 7, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge