# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RPA INTERNATIONAL PTY LTD, doing business as Nufurn Pty Ltd; NUFURN INC; DENNIS MICHAEL KRAWCHUK, <br><br> Plaintiffs, <br><br> vs. <br><br> COMPACT INTL INC; LEE JOHNSON, an individual; BZ GLOBAL SDN BHD; BZ GLOBAL HK LIMITED; CHEE CHOON CHEAH, an individual; KOK CHEONG SOO, an individual, <br><br> Defendants. | CASE NO. 06cv1147 WQH <br><br> ORDER |
| CHEE CHOON CHEAH, an individual; KOK CHEONG SOO, an individual; COMPACT INTL INC; LEE JOHNSON, an individual; BZ GLOBAL SDN BHD; BZ GLOBAL HK LIMITED, <br><br> Counter Claimant, <br><br> vs. <br><br> RPA INTERNATIONAL PTY LTD, doing business as Nufurn Pty Ltd; NUFURN INC; DENNIS MICHAEL KRAWCHUK, <br><br> Counter Defendants. | |

HAYES, Judge:

  The matter before the Court is the Motion for Relief From and/or to Alter, Amend,

and/or Vacate Default Judgment filed by Defendants Lee Johnson and Compact International, Inc. (ECF No. 186).

**I.     Background**

On May 26, 2006, Plaintiffs initiated this action by filing the Complaint. (ECF No.1). The Complaint alleged that Plaintiff Dennis Michael Krawchuck owns Plaintiff RPA International Pty Ltd. and Plaintiff Nufurn, Inc. (collectively "Plaintiffs"). The Complaint alleged that Krawchuck is the owner of U.S. Patent No. 6, 969, 113 ("the 113 patent"), entitled "Folding Chair with Metal Inserts," which was issued to Krawchuck on November 29, 2005. *Id.* at ¶ 4. The Complaint alleged that the 113 patent concerns a resin folding chair invented by Krawchuck known as the "Gladiator chair." *Id.*

The Complaint alleged that Lee A. Johnson is the president of Compact International, Inc. ("Compact") and Defendants Johnson and Compact infringed Plaintiffs' patent by "importing, using, offering to sell, and/or selling within the United States the resin folding chairs ...." *Id.* at ¶¶ 26, 30.  The Complaint alleged that Defendants Johnson and Compact exhibited the resin folding chairs at the American Rental Association's Rental Show in Florida on February 6 through 9, 2006.  The Complaint alleged that Defendants Johnson and Compact purchased the resin folding chairs from Defendants BZG Global Sdn. Bhd, BZ Global Limited, Chee Choon Cheah, and Kok Cheong Soo.  The Complaint alleged that Plaintiff's counsel sent a cease and desist letter regarding the infringement to Defendants Johnson and Compact on February 6, 2006.  The Complaint asserted a claim of patent infringement against Johnson and Compact and sought relief including lost profits.

On September 13, 2006, all of the Defendants including Johnson and Compact filed an Answer to the Complaint. (Doc. No. 15). Defendants were represented by counsel from Wilson Sonsini Goodrich & Rosati, PC.  On October 12, 2006, counsel from Merchant & Gould P.C. entered appearances on behalf of all the Defendants. (ECF Nos. 18-19). On December 21, 2006, an Early Neutral Evaluation Conference was held. (ECF No. 43).  On January 29, 2007, a Case Management Conference was held. (ECF No. 52).

On April 19, 2007, Wilson Sonsini Goodrich & Rosati, PC and Merchant & Gould, PC

moved to withdraw as counsel for Defendants Johnson and Compact as well as others, and served Defendants Johnson and Compact with the Motion. (ECF No. 65). Prior to filing the Motion to Withdraw, Defendants Johnson and Compact had filed a Motion for Leave to Amend the Answer and Counterclaims which was granted on May 25, 2007. (ECF No. 72). In the order granting the Motion for Leave to Amend, the Court stated: "No later than ten days from the date of this Order, the Compact Defendants shall file the 'Amended Answer, Affirmative Defenses and Counterclaims,'... After the filing of the 'Amended Answer, Affirmative Defenses and Counterclaims,' the Court will rule on the pending Motion to Withdraw." *Id.* at 9.

On May 31, 2007, ths Court granted the Motion to Withdraw and gave the corporate defendants thirty days to obtain new counsel. (ECF No. 76). The order stated:

> Pursuant to Local Civil Rule 83.3(k) and federal common law, '[c]orporations and other unincorporated associations must appear in court through an attorney.' *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004); *see also United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Accordingly, Defendants Compact International, Inc., BZ Global Sdn. Bhd., and BZ Global (H.K.) Limited are HEREBY NOTIFIED that they have 30 days from the date this order is filed to obtain new counsel and have counsel file a notice of appearance. Defendants Compact International, Inc., BZ Global Sdn. Bhd., and BZ Global (H.K.) Limited are also notified that if they fail to obtain new counsel and have counsel file a notice of appearance, they may be subject to default proceedings. *See High Country Broadcasting*, 3 F.3d at 1245.

*Id*. at 2-3. The Court ordered the Clerk of the Court to mail a copy of the order to Defendants Johnson and Compact. The corporate defendants failed to obtain new counsel.

On July 31, 2007, Plaintiffs filed a Motion for Default Judgment against the corporate defendants including Defendant Compact. (ECF No. 83). Plaintiffs served Defendants Johnson and Compact with the Motion. Defendant Compact did not appear or file an opposition to the motion. On October 17, 2007, this Court entered default against Defendant Compact for failure to obtain new counsel but declined to enter default judgment stating:

> On May 31, 2007, the Court ordered the Corporate Defendants to obtain new counsel and have the new counsel file a notice of appearance by July 7, 2007. The record shows that the Corporate Defendants have not filed a notice of appearance through counsel. The Court finds that the Corporate Defendants have failed to comply with the Court's May 31, 2007 Order and have failed to otherwise

> defend. Therefore, the Court directs entry of default against the Corporate Defendants in accordance with Rule 55(a) of the Federal Rules of Civil Procedure.
> The Court finds that a default judgment against the Corporate Defendants is not appropriate at this stage of the proceedings. No damages have been established and there are claims proceeding against the remaining defendants.
> IT IS HEREBY ORDERED that the Motion for Default Judgment against Corporate Defendants for failing to comply with the Court's May 31, 2007 Order (Doc. # 83) is DENIED at this stage. The Court directs entry of the Corporate Defendants' DEFAULT pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

(ECF No. 98). On October 19, 2007, the Clerk of the Court entered default against Defendant Compact. (ECF No. 99).

Plaintiffs had also served discovery requests on the individual defendants including Defendant Johnson and, after receiving no response, filed a Motion to Compel Defendants' Response to Plaintiffs' Written Discovery Requests Pursuant to Fed. R. Civ. P. 37. (ECF No. 84). Plaintiffs requested an order including "a warning that if the Defendants do not comply with the Court's Order, then Defendants will be subject to sanctions, which may include, among other sanctions, an order rending a judgment of default ...." (ECF No. 84 at 3). Plaintiffs served Defendants Johnson and Compact with the Motion. The Magistrate Judge granted the Motion stating:

> Individual defendants Chee Choon Cheah and Lee A. Johnson shall completely respond to Plaintiffs' First Set of Interrogatories and produce all documents responsive to Plaintiffs' First Set of Document Requests on or before September 25, 2007.
> Defendants' Cheah and Johnson are warned that failure to comply with this order will result in this Court recommending to the district judge that Defendants' Cheah and Johnson actions manifest the requisite fault justifying Defendants' Cheah and Johnson answer be stricken and default judgment be entered pursuant to Fed. Rules Civ. Proc. Rule 37(d). *Sigliano v. Mendoza*, 642 F.2d 309 (9th Cir. 1981) (A party's repeated failure to comply with discovery requests and district court orders manifested the requisite fault and fully justified district court's imposition of sanction of case terminating sanctions.).

(ECF No. 89). Approximately three weeks later, Plaintiffs filed a Supplemental Document stating that Defendants Cheah and Johnson had failed to comply with the Magistrate Judge's Order. (ECF No. 93). Plaintiffs served Defendants Johnson and Compact with the Supplemental Document. Plaintiffs submitted the Declaration of Amanda L. Lowerre, Plaintiffs' counsel, which stated that on September 12, 2007, Plaintiffs had served Defendants

Johnson and Compact with the Magistrate Judge's Order as well as a letter stating that Plaintiffs "will seek a default judgment against you as individuals ... should you continue to be unresponsive to discovery." (ECF No. 94-1 at 3). On November 2, 2007, the Magistrate Judge issued a Report and Recommendation stating:

> Defendants Cheah and Johnson were warned in the September 10, 2007 Order, that failure to comply with that Order would result in this Court recommending to the district judge that Defendant's Cheah and Johnson's Answers be stricken and default judgments be entered. Defendants, Cheah and Johnson's repeated failure to comply with the rules of discovery or court orders enforcing such rules and flagrant disregard of those rules and this Court's orders are evidenced by: 1) Defendants' failure to appear at the Case Management Conference on August 1, 2007; and 2) Defendants' failure to comply with this Court's Order of September 10, 2007, to respond in any way, or participate in the instant case. These actions on behalf of Defendants' Cheah and Johnson manifest the requisite fault to fully justify this Court's recommendation that case terminating sanctions be imposed. *G-K Properties v. Redevelopment Agency of City of San Jose*, 577 F.2d 645 (9th Cir. 1978); *Sigliano v. Mendoza*, 642 F.2d 309 (9th Cir. 1981)(stating that where the drastic sanctions of dismissal or default are imposed for failure to comply with discovery request, the losing party's noncompliance must be due to willfulness, fault or bad faith).
> ...
>
> This report and recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. §636(b)(1). Written objections must be filed with the court and a copy served on all parties by November 12, 2007. The document should be captioned 'Objections to Report and Recommendation.' Any reply to the objections shall be served and filed by November 26, 2007. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

(ECF No. 100 at 2-3).

On January 31, 2008, this Court adopted the Report and Recommendation and entered default against Defendant Johnson stating:

> The Court has reviewed the entire record and concludes that the Magistrate Judge correctly determined that the imposition of sanctions against Cheah and Johnson for their failure to comply with the Order Granting the Motion to Compel is appropriate. The Court concludes that the Magistrate Judge correctly determined that default judgment is not appropriate at this stage of the proceedings because there are claims proceeding against remaining Defendant Kok Cheong Soo. *See* [*Frow v. De La Vega*, 82 U.S. 552, 554 (1872)]. Although default judgment is not appropriate at this time, the Court concludes that the Magistrate Judge correctly determined that the entry of default against Cheah and Johnson is an appropriate sanction given Cheah and Johnson's disregard of the Order Granting the Motion to Compel, which contained

> explicit warning that failure to comply with the Order would result in a recommendation to this Court that 'Cheah and Johnson's Answers be stricken and default judgments be entered.'

(ECF No. 110 at 6).

On April 27, 2010, Plaintiffs filed a Motion for Default Judgment in the amount of $51,202.00 against Defendants Johnson and Compact along with the Declaration of Lowerre which stated that she had served Defendants Johnson and Compact. (ECF Nos. 172; 172-2 at 2). On August 11, 2010, the Court granted Plaintiffs' Motion for Default Judgment. (ECF No. 174). With regard to damages against Defendants Johnson and Compact the Court stated:

> In support of its request for damages, Plaintiffs submitted the Declaration of Dennis M. Krawchuk, who states that prior to Defendants' infringement, Plaintiffs received approximately $19.25 in profit per chair sold. (Doc. # 172-3 at 2). Krawchuk explains how he arrived at that figure, describing in detail the cost per chair of production and shipping and subtracting these costs from the price Plaintiffs receive per chair. *Id.* at 2-5. Business records attached to Krawchuk's declaration confirm the numbers Krawchuck uses. *See* Doc. # 172-3, Ex. 1-6. Plaintiffs also submitted the declaration of Plaintiffs' Counsel, Merrit Blakeslee, who states that shipment records show that Compact International shipped 532 cartons of infringing chairs which each contain five chairs, for a total of 2,660 chairs. (Doc. # 172-4 at 2). The shipment records which are attached to the declaration confirm those figures. *See* Doc. # 172-4, Ex. 1- 5.

*Id.* at 7-8.

On February 7, 2011, the Court entered final judgment stating in part: "Judgment is rendered in favor of Plaintiffs and against Defendant Compact International and Defendant Lee A. Johnson, jointly and severally, in the amount of $51,205 for compensatory damages for infringement of the '113 patent under Count I of the Complaint." (ECF No. 184 at 2).

On May 20, 2011, Defendants Johnson and Compact filed a Motion for Relief From and/or to Alter, Amend, and/or Vacate Default Judgment. (ECF No. 186). On May 27, 2011, Defendant Lee Johnson filed a Supplemental Declaration. (ECF No. 187). On June 27, 2011, Plaintiffs filed an Opposition. (ECF No. 192).

**II.  Discussion**

Defendants Johnson and Compact seek to alter or amend the judgment against them pursuant to Federal Rule of Civil Procedure 59. Plaintiffs contend that the motion is untimely.

Federal Rule of Civil Procedure 59 provides: "A motion to alter or amend a judgment

must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The district court may not extend the time for filing a Rule 59 motion and may not consider an untimely motion. *See Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir. 1993); *Carter v. United States,* 973 F.2d 1479, 1488 (9th Cir. 1992). In this case, final judgment was rendered against Defendants Johnson and Compact on February 7, 2011. The current motion was filed over 28 days later on May 20, 2011. The Court finds that the Rule 59 Motion is not timely. The Court concludes that Defendants Johnson and Compact are not entitled to relief under Rule 59.

Defendants Johnson and Compact seek to "vacate, set aside, alter, and/or amend the defaults entered in or about 2007/2008 and the default judgment against Defendants on or about February 7, 2011 ...." pursuant to Federal Rule of Civil Procedure 60. (ECF No. 186 at 2). Defendants Johnson and Compact contend that "judgment was entered a result of surprise, excusable mistake, inadvertence and/or neglect and/or error of law, that good cause exists therefore and that such relief would be in the interest of justice." *Id*. Defendants contend that "[a] fundamental miscarriage of justice has occurred, at least as to Johnson." (ECF No. 186-1 at 2).

Federal Rule of Civil Procedure 60 regarding relief from a judgment provides: "On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.... " Fed. R. Civ. P. 60(b)(1). "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc*., 375 F.3d 922, 925 (9th Cir. 2004). Three factors are relevant when considering whether to vacate or alter judgment: (1) whether the defaulting party engaged in culpable conduct, (2) whether the defaulting party has a meritorious defense, and (3) whether setting aside the entry of default would prejudice the Plaintiff. *Franchise Holding II, LLC*, 375 F.3d at 926. "This tripartite test is disjunctive. Hence, a finding that the plaintiff will be prejudiced, or that the defendant lacks a meritorious defense, or that the defendant's own culpable conduct prompted the default is sufficient to justify the district court's refusal to vacate a default judgment." *Cassidy v.*

1 *Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988) (citations omitted); *see also American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000). The defaulting party bears the burden of showing that any of these factors favor setting aside the default judgment. *Franchise Holding II, LLC*, 375 F.3d at 926.

Defendant Johnson has submitted a declaration which states that "Mr. Soo ... arranged for a defense to be provided to [him] and Compact by lawyers representing him and his company in this action. However, Mr. Soo apparently failed to pay such lawyers ...." (ECF No. 186-2 at 2). Defendant Johnson states: "I frankly did not really understand the legal proceedings against me and Compact or what was required ..., felt overwhelmed by them, believed that Plaintiff was proceeding primarily against Mr. Soo and other Defendants, and did not know how to represent myself or for Compact to represent itself in this action, nor was I able to obtain counsel to represent us." *Id.* at 2-3. Defendant Johnson states that he "just learned about this default judgment" in early May 2011. *Id.* at 3.

Plaintiffs contend that Defendants are "sophisticated businessmen, and they had ample notice of proceedings against them," but Defendants "studiously failed to respect the authority of this Court and its procedures for the past five years, and now that Plaintiffs have finally achieved its long-sought final relief [the] Compact Defendants seek to ... obtain the Court's assistance." (ECF No. 189 at 2). Plaintiffs contend that Defendants Johnson and Compact received notice of this action and participated in it which weighs against a finding of excusable neglect and weighs in favor of a finding of culpable conduct.

Plaintiffs have submitted the declaration of Merritt R. Blakeslee, counsel for Plaintiffs who states that he exchanged correspondence with Defendant Johnson in April and May 2010 and has attached the correspondence as exhibits to his declaration. A letter dated April 2, 2010, from Blakeslee to Defendant Johnson states:

> Nufurn brought suit for patent infringement against BZ Global, its Malaysian affiliate, their principals, and two California importers – including you and Compact International – in the U.S. District Court for the Southern District of California. Since then, every defendant but one has either defaulted or settled with Nufurn. You and Compact have defaulted and thus have given up your right to defend this action....
> [T]he court has definitively and conclusively rejected every one

> of the defenses and counterclaims put forward by Mr. Soo, and the liability phase of the litigation has ended with the court finding Mr. Soo liable for the willful infringement of Nufurn's patent. I am attaching a copy of the court's decision. At present, the court is preparing to hear plaintiff's case on damages – monetary payment and an injunction. ...
> In the damages phase, the court will determine the additional amounts that you owe to Mr. Krawchuk in connection with the resin chairs that you imported.
> In other words, the case is entering its final stage, and Nufurn will shortly be turning its attention to seeking relief against you and Compact International for your violation of Nufurn's intellectual property rights. Accordingly, you must now decide whether to seek to resolve the matter through settlement or to face further legal proceedings to collect the amount adjudged by the court to be owed to Mr. Krawchuk.

(ECF No. 192-1 at 10-11).

Plaintiffs have submitted a letter dated April 13, 2010, from Defendant Johnson to Blakeslee which states: "This will acknowledge receipt of your letter dated April 2, 2010 together with the Order of the Court Case Number 06cv1147WQH(AJB).... [I] failed to answer; and thus, I gave up my right to defend this action." *Id*. at 13. Plaintiffs have submitted a letter dated May 6, 2010, from Blakeslee to Defendant Johnson which states: "[O]n April 27, 2010 Nufurn filed a motion with the court asking it to award monetary damages jointly and severally against the defaulted defendants – which include you and Compact International – in the amount of $51,205.00." *Id*. at 15.

The issue of excusable neglect "largely overlaps" with the issue of culpability. *Franchise Holding II, LLC*, 375 F.3d at 927 (quotation omitted) ("'[G]ood cause' is typically enough to demonstrate 'excusable neglect,' [therefore] no reason exists to analyze these criteria separately."). "Excusable neglect is an equitable concept that takes account of factors such as prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Franchise Holding II, LLC*, 375 F.3d at 927 (quotation omitted); *see also Laurino v. Syringa General Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). Although a court considers each factor, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392 (1993); *see also Engleson v. Burlington*

*Northern R. Co.*, 972 F.2d 1038, 1043-44 (9th Cir. 1992). Likewise, a defendant's conduct may be "culpable if he has received actual or constructive notice of the filing of the action" and fails to respond. *Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir. 1987) (citations omitted). The court may also consider whether the defaulting party acted intentionally or deliberately; whether the party can offer a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process; and whether the party is familiar with legal processes or has consulted with lawyers. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001).

In this case, Defendants Johnson and Compact had actual notice of this action and participated in this action through counsel for almost one year. Defendants Johnson and Compact were served with the motion to withdraw, the Court's order grating counsel's motion to withdraw and warning that Defendant Compact's failure to secure new counsel may result in default proceedings, the motion for entry of default against Defendant Compact, the motion to compel discovery responses from Defendant Johnson, the Magistrate Judge's order warning that failure to respond would result in a recommendation of case terminating sanctions, the motion for entry of default against Defendant Johnson, and the motion for default judgment seeking damages in the amount of $51,202.00 from Defendants Johnson and Compact.

The Clerk of the Court entered default against Defendant Compact on October 19, 2007. Defendant Compact failed to appear or oppose the entry of default against it for the next three and a half years. On January 31, 2008, the Court entered default against Defendant Johnson. Defendant Johnson failed to appear or oppose the entry of default against it for the next three years. On February 7, 2011, final judgment was rendered. Defendants Johnson and Compact did not file the current motion seeking to vacate or alter the judgment until over three months later, after Plaintiffs attempted to collect.

The Court finds that the actual notice of this action and early participation in this case by Defendants Johnson and Compact weighs against a finding of excusable neglect. The facts of this case show that Defendants had notice of the entries of default and motion for default

judgment against them. The Court finds Defendants Johnson and Compact's over three year delay in opposing the entries of default against them and over three month delay in opposing the final judgment entered against them was lengthy, impacted the course of these proceedings, and was within the control of Defendants Johnson and Compact. The Court finds that Defendant Johnson and Compact have failed to present a credible, good faith explanation for their failure to participate in this case.

The Court concludes that Defendant Johnson and Compact's culpable conduct led to the entries of default and final judgment against them. The Court concludes that the entries of default and final judgment was not the result of excusable neglect. The Court concludes that Defendants Johnson and Compact have not demonstrated that there is good cause to vacate or alter the judgment.

**III. Conclusion**

IT IS HEREBY ORDERED that Motion for Relief From and/or to Alter, Amend, and/or Vacate Default Judgment (ECF No. 186) filed by Defendants Lee Johnson and Compact International, Inc. is DENIED.

DATED: September 21, 2011

**WILLIAM Q. HAYES**
United States District Judge